STATE OF OREGON,
*Respondent,*

*v.*

EDWARD JOHN REITER,
*Appellant.*

(C82-02-33697; CA A26912)

672 P2d 56

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted of rape and sodomy. He and complainant gave roughly similar accounts of the incident, except that complainant claimed that she was forced to engage in sex acts, and he contended that she did so voluntarily. A fact that is important to defendant's consent defense is that, one week prior to the alleged rape, defendant and complainant had sexual intercourse. That act was consensual and, like the alleged rape, took place in defendant's car.

Defendant failed to comply with the notice requirement of OEC 412(3)(a),[1] because he did not give the prosecutor notice of an intention to offer evidence of specific instances of complainant's past sexual behavior. Accordingly, the trial court ruled at the outset of the trial that defendant could not introduce any evidence of the previous intercourse. During the trial, complainant testified on direct examination as a prosecution witness that she had known defendant "as a friend." In response to that characterization of the relationship, defense counsel said:

> "Your honor, I renew my request at this time to offer evidence that this young lady not only stayed in this man's house but had sexual intercourse with him. In the alternative to prove either of those, at least she stayed in the home. I believe that the prosecutor has now opened the door to that evidence and for you to still deny us the opportunity to prove that she was something more than his friend would be substantially depriving my client of his right to confront the witnesses against him under the Constitution of both the State of Oregon and the United States.

> "I specifically would like to draw the court's attention to counsel's asking the witness in what context she knew Edward

---

[1] OEC 412(3)(a) provides:

"If the person accused of committing rape, sodomy or sexual abuse intends to offer under subsection (2) of this section evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer such evidence not later than 15 days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties, and on the alleged victim through the office of the prosecutor."

Reiter before October 26 and her answer was simply as a friend. Now, that's just absolutely untrue from the witnesses that we would offer and to allow that answer to stand would be to seriously mislead the jury and deprive my client of the right to bring the complete story out for the benefit of the jury."

The trial judge allowed defense counsel to make an offer of proof through the complainant, who admitted that she had voluntarily had sexual intercourse with defendant in the back seat of his car one or two weeks before the alleged rape. The trial judge again rejected defendant's proffered evidence because of his failure to comply with the notice requirement of OEC 412(3)(a).

Defendant contends that the trial court's ruling abridged his right to confront an adverse witness guaranteed by both the state and federal Constitutions. Although we do not reach the constitutional claims, we reverse and remand for a new trial.

Subsection 1 of Rule 412 prohibits any use in a sex crime prosecution of reputation or opinion evidence regarding a complainant's past sexual behavior. Subsection 2 allows a defendant to offer evidence of specific instances of an alleged victim's past sexual behavior only when it (1) relates to the motive or bias of the alleged victim, (2) is necessary to rebut or explain scientific or medical evidence offered by the state or (3) is otherwise constitutionally required to be admitted. If it is determined that the proffered evidence fits within one of those categories, a defendant must still comply with the notice requirement of OEC 412(3)(a) or come within one of the two exceptions to that requirement.

In the present case the trial court simply misapplied Rule 412. Because defendant failed to comply with the rule's notice requirement, he was barred from producing in his defense evidence of complainant's prior sexual behavior. Defendant's failure to give that notice could not affect his right to cross-examine the complainant concerning the truthfulness of her direct testimony. Rule 412 is an evidentiary rule and does not by its terms or purpose limit a defendant's right to cross-examine an adverse witness.[2]

---

[2] If the notice requirement were to be interpreted as a limitation on the Sixth Amendment right of confrontation or the right "to meet the witnesses face to face"

The prosecution elicited complainant's testimony that she knew defendant only as a friend. In response, defense counsel intended to impeach that testimony by inquiring into the complainant's past sexual relations with defendant. The need to cross-examine was apparent, because complainant's testimony that she had known defendant merely as a friend necessarily implied a lack of prior sexual activity with defendant. The trial judge denied defendant's request to cross-examine because he had not complied with the notice requirement of OEC 412(3)(a). This erroneous interpretation and application of the rule is reversible error.[3]

Reversed and remanded for a new trial.

---

under Article I, section 11, of the Oregon Constitution, serious constitutional problems would be presented. *See Davis v. Alaska,* 415 US 308, 94 S Ct 1105, 39 L Ed 2d 347 (1974); *State v. Lantz,* 44 Or App 695, 607 P2d 197 (1980); *State v. Jalo,* 27 Or App 845, 851, 557 P2d 1359 (1976), *rev den* (1977); *but see State v. Mai,* 294 Or 269, 656 P2d 315 (1982). The drafters of Rule 412 were aware of those cases and drafted it carefully to avoid conflict with constitutional rights. *See* Kirkpatrick, 1981 Oregon Rules of Evidence 81-82 (1981).

[3] After trial, defendant moved for a new trial based on the exclusion of the evidence of complainant's prior voluntary sexual intercourse with defendant. At that time, the trial judge could not recall the evidence at trial, but he stated that, if the victim's testimony had conveyed the impression that she had not had sexual relations with defendant, exclusion of the evidence was reversible error. Nonetheless, he denied the motion.

Nothing in this opinion should be taken as in any way affecting the trial court's discretion in respect to the scope or manner of cross-examination.