Argued and submitted August 24, 1983, reversed and
remanded for new trial January 25, 1984

STATE OF OREGON,
*Respondent,*

*v.*

DENNIS LEE MORGAN,
*Appellant.*

(82-3390-C-2; CA A27229)

675 P2d 513

J. Marvin Kuhn, Chief Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief was
Gary D. Babcock, Public Defender, Salem.

Christine L. Dickey, Assistant Attorney General, Salem,
argued the cause for respondent. With her on the brief were
Dave Frohnmayer, Attorney General, and James E. Moun-
tain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and
Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Defendant was convicted of rape in the first degree. ORS 163.375. He assigns as error the trial court's refusal to allow him to introduce evidence of prior consensual sexual intercourse with complainant. We reverse and remand for a new trial.

Complainant testified that defendant forced sexual intercourse with her. Evidence was presented that, before the alleged rape, defendant and complainant had been dating for approximately a month and a half. Complainant testified that she wanted to break off her relationship with defendant and that defendant said "no girl ever broke off with him without him finding out first what she was like in bed." Defendant contended that complainant consented to sexual intercourse on the afternoon in question and sought to show that she had a motive to charge him with rape falsely after finding out that he had been "sleeping with" another woman.[1]

In order to show the character of their involvement, defendant made an offer of proof pursuant to OEC 412[2] to admit evidence that he and complainant allegedly had had consenual sexual intercourse about six times. During the offer, complainant denied ever having sexual intercourse with defendant before the alleged rape incident. The trial judge, in denying defendant's request, reasoned that the fact that there may have been consent on one or more occasions does not mean that there was consent on the occasion in question.

---

[1] The victim's statement quoting defendant as saying, "no girl ever broke off with him without him finding out first what she was like in bed," could be taken as a denial of prior sexual contact. No argument was made that defendant's evidence was admissible for impeachment. *See State v. Reiter,* 65 Or App 304, 672 P2d 56 (1983).

[2] OEC 412 provides, in pertinent part:

"(1) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.425, or in a prosecution for an attempt to commit such a crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is:

"(a) Admitted in accordance with [the procedural paragraphs of this section]; and

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim * * *.

"* * * * *"

While the fact that defendant and complainant may have had sexual intercourse on other occasions does not show consent on the occasion in question, evidence of the victim's past sexual behavior with defendant can be considered as forming the foundation of a motive to make a false accusation of rape. OEC 412(2)(b)(A).

Complainant testified that defendant had not shown up as arranged on the day in question to take her to an 8:30 a.m. appointment. About noon that same day, she located defendant and discovered that he had spent the night with a mutual friend. That led to a disagreement. Complainant testified:

"Q [BY DISTRICT ATTORNEY]: Did that cause you to become angry?

"A [BY COMPLAINANT]: Yes, because I found out that he had been sleeping over there with her, and it was hard for me to go out with him when that was going on."

Because evidence of alleged prior sexual relations between defendant and complainant are relevant to defendant's claim of jealousy and anger as a motive falsely to charge rape, that evidence is admissible under OEC 412(2)(b)(A). If we were to read OEC 412 to prohibit evidence of possible ulterior motive for making a false charge, it would impermissibly infringe on defendant's constitutional right to confrontation. *State v. Jalo,* 27 Or App 845, 850, 557 P2d 1359 (1976), *rev den* 277 Or 491 (1977).

Reversed and remanded for a new trial.

**ROSSMAN, J.,** dissenting.

I believe that the trial court's ruling should be sustained. The evidence was offered solely to show bias or motive.[1] It was irrelevant for that purpose and, therefore, was properly excluded. Accordingly, I dissent.

OEC 412 was enacted for the principal purpose of protecting victims of sexual crimes from the degrading and embarrassing disclosure of intimate details of their private lives. Although the statute strictly limits when and what

---

[1]As the majority points out, no argument was made that the evidence was admissible for impeachment purposes.

evidence may be admitted, it is very careful to preserve a defendant's constitutional right to present an adequate defense by offering relevant and probative evidence. Thus, it specifically provides that a defendant shall not be prevented from introducing evidence which is relevant to show bias or a motive for a false accusation. The trial court is called on to maintain a proper balance of these important interests of the victim and the defendant. The rule of relevancy becomes the key in guiding the court to a correct decision. The rule requires that offered evidence must have probative worth; it must serve to advance the inquiry.

The majority accepts defendant's contention that his proposed testimony of alleged prior sexual intercourse with the victim tends to establish that the victim had a motive to accuse him of rape falsely. However, as defendant himself points out, the argument between the two had to do with his having had sexual relations with the victim's best friend. The proffered evidence is of minimal probative value at best on the question of whether the victim had a motive to make a false charge of rape against defendant. It certainly would not be worth what it would cost, especially when evaluated in the light of the counter-balancing factor under the statute to spare victims from this kind of unnecessary courtroom humiliation.

The balancing process which OEC 412 creates does not result in any injustice; it simply acknowledges that defendant has no constitutional right to introduce irrelevant evidence. His right to introduce *relevant* evidence remains intact and was fully protected by the trial court's ruling. Defendant was allowed to explore thoroughly the circumstances surrounding his sexual relations with the victim's best friend. The jury had all the facts it needed to make a just decision. The trial court admitted evidence that the victim had been dating defendant for six weeks before this incident, that just prior to the alleged rape the victim discovered that defendant had been sexually involved with a mutual friend the night before and that the victim acknowledged that this discovery made her angry. There was ample evidence to establish that the victim possibly had a motive to accuse falsely.

In the face of this already-admitted evidence, defendant's disputed testimony of prior sexual relations would have had virtually no probative value on the issue of motive and

bias and could likely have led to an impermissible inference of consent in direct contravention of OEC 412. In other words, even if we accept both the truth of defendant's claims and the extremely tenuous proposition that an alleged prior sexual relationship is relevant to show motive because it increases the victim's tendency to accuse falsely, we are here faced with a situation in which the potential motive had already been established with much stronger evidence — the victim's self-confessed anger towards defendant. The disputed testimony regarding sexual relations would have added nothing to the inquiry and was therefore irrelevant. It would also have subjected her to the disclosure of intimate and embarrassing details of her private life. Both of those results are impermissible, except when the protection of defendant's constitutional rights to confront witnesses makes them unavoidable. The admission of other evidence in this case clearly protected that right. Therefore, the disputed testimony was properly excluded.

I would affirm.