Argued and submitted February 29, reversed and remanded July 11, reconsideration denied September 28, petition for review denied November 20, 1984 (298 Or 238)

# STATE OF OREGON,
*Appellant,*

*v.*

# CHESTER STRATHER BASS, JR.,
*Respondent.*

(140,489; CA A29127)

683 P2d 1040

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

John Daugirda, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The state appeals from a pretrial order granting defendant's motion under OEC 412 to admit evidence of past sexual conduct by the alleged victim of the crime of rape in the first degree. The trial judge ruled that certain details of the alleged rape victim's sexual history were relevant and admissible under OEC 412(2)(b)(A) as evidence of a possible motive falsely to accuse defendant of rape. We reverse.

Defendant claims that the alleged victim falsely accused him of rape, because he had threatened to interfere with her pecuniary sexual relationship with another man by harassing the other man and exposing the arrangement. The state conceded at the pretrial hearing that evidence of the existence of a pecuniary sexual relationship between the alleged victim and another man was relevant to the issue of a possible motive falsely to accuse. The state objected only to the admission of evidence that the relationship involved "bondage and discipline."[1] The trial court ruled that the evidence of "bondage and discipline" was admissible in order to enhance the credibility of defendant's theory that the conduct between the alleged victim and the other man led to defendant's threat to interfere with the relationship and to the victim's allegedly false accusation of rape.

OEC 412 was intended to balance the interest of the victim of a sexual crime in protecting her private life from unwarranted public exposure and the defendant's interest in

---

[1] The offer of proof stated, in part:

"The defendant is charged with Rape I by means of forcible compulsion on the victim * * *. For several months prior to the alleged crime, the defendant and the victim had a boyfriend/girlfriend relationship which included sexual relations. The alleged victim had a 'customer,' by the first name of Larry (whose last name is unknown), with whom she had engaged in 'bondage and discipline,' to use the victim's own words. This conduct may have included sexual behavior. The defendant became upset about the 'bondage and discipline' activity between the victim and Larry. The relationship between the victim and defendant was about to be terminated. The defendant threatened to make contact with Larry and to 'make trouble' for the victim. When the victim found out about the defendant's intention to contact Larry, she became very upset and went to the defendant's apartment to confront him about his intention, and also to get some of her personal property from the defendant's apartment. During this confrontation at the apartment, the alleged rape occurred."

The record contains some evidence concerning the specific acts allegedly performed by the alleged victim in her relationship with Larry. Because we have concluded that the evidence is not relevant, we see no reason to recite those facts.

being able to present an adequate defense by offering relevant and probative evidence. The statute differentiates between sexual character or reputation and prior sexual conduct. *State v. Lantz,* 44 Or App 695, 703, 607 P2d 197, *rev den* 289 Or 275 (1980). Evidence offered to demonstrate sexual character or reputation of the alleged victim is inadmissible. OEC 412(1). However, a defendant may introduce evidence of particular sexual conduct of the alleged victim if he is able to demonstrate that that evidence is relevant to prove the alleged victim's motive falsely to accuse, even though the same evidence might give rise to impermissible inferences respecting the victim's sexual character or reputation. OEC 412(2)(b)(A); *State v. Morgan,* 66 Or App 675, 678, 675 P2d 513 (1984); *State v. Lantz, supra,* 44 Or App at 703.

The issue here is an extremely narrow one: Does evidence that the victim's relationship with another man involved "bondage and discipline" have any relevance to the complainant's alleged motive to falsify and is therefore admissible under OEC 412(2)(b)(A).[2]

■    The state argues, and we agree, that the existence of the alleged victim's pecuniary sexual relationship is relevant to defendant's claim of false accusation and that the explicit acts engaged in are not. We are not persuaded by defendant's convoluted claim that the details of the alleged sexual activity are relevant to "complete the picture" of the alleged victim's motive falsely to accuse.

Defendant's claim that the alleged victim falsely accused him of forcible rape because he threatened to interfere with her pecuniary sexual relationship with another man does not depend on proving the type of sexual acts for which she was allegedly paid. The success of his defense depends on his proving the existence of the relationship, its monetary aspect, his intent to interfere with it and the alleged victim's knowledge of his intention. We see no relevancy in the details of the acts allegedly performed.

Reversed and remanded.

---

[2] Under OEC 412, evidence of prior sexual conduct may be admissible to prove motive to accuse falsely if the trial court determines that the evidence is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice. *See* OEC 412(3)(c). Because we find that the evidence has no relevance, we need not address the question of discretion.