Argued and submitted April 29, 1987, reversed and remanded June 8, reconsideration denied August 12, petition for review denied August 30, 1988 (306 Or 527)

. STATE OF OREGON,
*Appellant,*

*v.*

GEORGE BENDER,
*Respondent.*

(86-04-3879-C; CA A41400)

755 P2d 151

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

Defendant was charged with rape in the first degree, ORS 163.375, and kidnapping in the second degree, ORS 163.225. The alleged victim of both offenses is defendant's estranged wife. Defendant moved, before trial, for an order under OEC 412 permitting him to introduce evidence of the victim's past sexual behavior not related to the incident named in the indictment. The court allowed the motion, and the state appeals. OEC 412(3)(c).

The victim made a complaint to the police department that her husband, from whom she was separated, had forced her to have sexual intercourse. She stated that during the incident, defendant threatened suicide, accused her of having affairs with other men and was determined to have sexual intercourse with her. Defendant asserts a consent defense. His motion sought to cross-examine the victim regarding the truthfulness of a statement that she made to him at the time of the alleged rape. The statement was that she was not involved with other men.[1] Defendant requested that he be permitted to ask her whether she had made the statement and whether the statement was true.[2] He then requested that, if she said it was true, he be allowed to ask her if she had had an affair with a specific individual and, if she denied that, he wanted to present that individual's and another witness' testimony regarding the affair. The state informed the court that the victim would testify that she had made the statement and that it was true. The trial court held that the Confrontation Clause[3] prevented a limitation on defendant's right to cross-examine and impeach statements

---

[1] The District Attorney stated that the victim would testify that the following exchange preceded the alleged rape:

"And he started kissin' me and sayin' that I've been goin' out with men; that I've been goin' around with everybody. And, uh, and I told him no, that I don't do that. And he says that I was ashamed of him. And I says 'in what way?' I told him I wasn't involved with nobody. And he says 'but you're lying to me. I know you're lying to me. That man that brought you home probably will take you every place you want to go'. And I says 'no, I just met him'."

[2] The specific question which defendant intended to ask is: "Isn't it true that on April 15th, when out in the vehicle next to the Snake River, that when you told Mr. Bender that you'd not been having an affair or seeing anybody, that that statement to Mr. Bender was untrue?"

[3] The trial court did not indicate whether its decision was based on the Confrontation Clause of the Oregon or Federal Constitutions.

made by the victim at times material to the crimes charged and allowed the inquiry. We reverse and remand.

■ Under OEC 412, the admission of evidence of a victim's past sexual behavior is prohibited, unless it is necessary to rebut or explain scientific or medical evidence offered by the state, relates to the victim's motive or bias or is constitutionally required to be admitted. OEC 412 (2)(b). No claim was made before the trial court that the evidence was necessary to rebut or explain medical or scientific evidence. Defendant argued that the evidence related to the victim's motive to accuse him falsely; however, he failed to offer any reasonable rationale to explain the relation. Although the proffered evidence may show the parties' estrangement and, consequently, the victim's possible bias, there was other evidence available to show that bias.

■ Defendant's primary argument is that the evidence is constitutionally required to be admitted. OEC 412(2)(b)(c). Specifically, he argues that his confrontation rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment require that he be allowed to cross-examine and impeach the victim regarding her alleged affair.[4] We address defendant's argument under the Oregon Constitution first. The right to confrontation includes the right to engage in effective cross-examination. *State v. Herrera,* 286 Or 349, 353, 599 P2d 823 (1979). A defendant's right to cross-examine, however, is not unlimited. The evidence sought to be elicited on cross-examination must still be relevant and have probative value in establishing or rebutting a material issue in the trial. *See State v. Lantz,* 44 Or App 695, 702, 607 P2d 197, *rev den* 289 Or 275 (1980).

■ Evidence regarding what was said between the parties during the encounter is relevant, and defendant's proposed question to the victim regarding whether or not she

---

[4] The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him; [and] to have compulsory process for obtaining witnesses in his favor * * *."

Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face and to have compulsory process for obtaining witnesses in his favor."

made a statement is appropriate. However, defendant's second proposed question regarding whether or not the statement was true seeks to introduce irrelevant evidence and is inappropriate. The truth of the victim's out of court statement to her husband regarding her sexual conduct is not relevant to the disputed issue of consent.

The only basis which defendant proffers for the evidence is impeachment. Defendant contends that, if he is allowed to introduce evidence of the victim's response that her out-of-court statement was truthful, he will be able to rebut that testimony with contradictory evidence. However, that would not be proper impeachment. OEC 608(2).[5] Defendant's confrontation rights are not so broad as to allow impeachment in this instance. *State v. LeClair,* 83 Or App 121, 730 P2d 609, *rev den* 303 Or 74 (1987).

Our conclusion is the same under the Sixth Amendment. *See Delaware v. Van Arsdoll,* 475 US 673, 106 S Ct 1431, 89 L Ed 674, 683 (1986); *Hughes v. Raines,* 641 F2d 790, 792 (7th Cir 1981).

Reversed and remanded.

---

[5] We note that FRE 608 is different in that it allows inquiry into specific instances of conduct.