Argued and submitted April 28, 1988, judgment vacated; remanded with instructions July 5, reconsideration denied August 18, petition for review denied September 6, 1989
(308 Or 331)

STATE OF OREGON,
*Respondent,*

*v.*

DAVID BRUCE WATTENBARGER,
*Appellant.*

(85030427; CA A39041)

776 P2d 1292

John P. Daugirda, Deputy Public Defender, Salem, argued

the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Leslie Jo Westphal, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant seeks reversal of his conviction for sexual abuse in the first degree. ORS 163.425. He argues that the trial court erred in failing to conduct an *in camera* inspection of Children's Services Division (CSD) records relating to the victim to determine if they included exculpatory evidence and in denying his motion to admit evidence of the victim's past sexual conduct pursuant to OEC 412.[1] We vacate and remand.

After a court trial on stipulated facts, defendant was convicted of sexual abuse in the first degree. Before trial, defendant issued a subpena *duces tecum* for all CSD case records relating to the victim. The state moved to quash the subpoena. At the hearing on the motion, defendant stated that he sought disclosure only of statements made by prospective witnesses for the state and requested that the trial court make an *in camera* inspection of CSD files for such statements. The trial court denied defendant's request and granted the state's motion to quash.

On appeal, the state concedes that the trial court erred in failing to review the CSD files *in camera* to determine whether exculpatory evidence exists. *State v. Warren,* 304 Or 428, 434-35, 746 P2d 711 (1987). Accordingly, we vacate the judgment and remand the case to the trial court for an *in camera* examination and a determination of whether

---

[1] OEC 412 provides, in part:

"(1) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.425, or in a prosecution for an attempt to commit such a crime, reputation or opinion evidence of the past sexual behavior of an alleged victim of such crime is not admissible.

"(2) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.425, or in a prosecution for an attempt to commit such a crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is:

"(a) Admitted in accordance with paragraphs (a) and (b) of subsection (3) of this section; and

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim; or

"(B) Is necessary to rebut or explain scientific or medical evidence offered by the state; or

"(C) Is otherwise constitutionally required to be admitted."

exculpatory evidence exists that should be made available to defendant that would warrant a new trial.

Defendant also assigns as error the trial court's denial of his motions pursuant to OEC 412 to offer evidence of past sexual behavior of the victim. This case involves a child who was four years old at the time of the events. In December, 1984, she told her foster mother that defendant had sexually abused her in February, 1983, while he was residing with her and her mother. The evidence that defendant sought to introduce is that, after the alleged incident of abuse, the victim was abused by five other individuals; that the victim and her mother were angry with defendant; and that, within a week after the victim's complaint, another child who had previously resided in the same house as the victim made an allegation of sexual abuse against another man. The trial court held that those matters are not admissible under OEC 412.[2]

1. Defendant argues that the evidence comes within the exceptions in OEC 412(2)(b)(A) and (C), which allow the admission of evidence of past sexual behavior relating to the victim's motive or bias and evidence that is otherwise constitutionally required to be admitted. However, we conclude that the evidence relating to the victim's hostility toward defendant[3] and the accusation of sexual abuse against another man by the child's friend should not be considered under OEC 412, because it is not "sexual behavior" as the term is used in that rule. The evidence does not involve volitional or nonvolitional physical acts of the victim for the purposes of sexual stimulation or gratification of the victim or another person, nor does it involve sexual intercourse, deviate sexual intercourse or sexual contact, or an attempt to commit such acts, between the victim and another person. *State v. Wright,* 97 Or App 401, 776 P2d 1294 (1989).

---

[2] The trial court held that the evidence was also not admissible under OEC 403:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay or needless presentation of cumulative evidence."

[3] The offers of proof consisted of oral statements made by defense counsel and a written summary of what the witnesses would say if called to testify. Defendant declined to present the witnesses' actual testimony. In neither the oral nor written offers of proof did defense counsel attribute any statements to the victim indicating that she was angry with defendant.

**2.** Defendant's evidence concerning the victim's abuse by five other individuals *is* "past sexual behavior" under OEC 412. Defendant argues that it is admissible, because it establishes a motive to accuse him falsely. We disagree. That evidence considered alone did not establish any bias or motive of the victim to falsely accuse defendant. Even if it is considered together with the evidence offered by defendant relating to the victim and her mother's hostility toward him and the accusation by the victim's friend against another man, it was not sufficiently probative of the victim's motive or bias against defendant to allow us to conclude that the trial court abused its discretion in excluding it. *See State v. Wright, supra.*

**3.** Defendant also argues that the evidence was constitutionally required to be admitted under the Confrontation Clauses, Article I, section 11, of the Oregon Constitution and the Sixth Amendment. OEC 412(2)(b)(C). On appeal, defendant does not articulate why the evidence is constitutionally required to be admitted but, rather, argues again that it shows that the victim had a motive to lie and was biased. Although the right to confrontation includes the right to engage in effective cross-examination, *State v. Herrera,* 286 Or 349, 353, 599 P2d 823 (1979), "[t]he evidence sought to be elicited on cross-examination must be relevant and have probative value in establishing or rebutting a material issue in the trial." *State v. Bender,* 91 Or App 420, 755 P2d 151, *rev den* 306 Or 527 (1988). For the reasons previously discussed, we hold that the evidence defendant sought to introduce was not relevant to the issue of the victim's motive or bias and, consequently, is not constitutionally required to be admitted. *See State v. Wright, supra.*

**4.** Defendant also argues that OEC 412 should not limit the introduction of the evidence he seeks to introduce, because it is not evidence of "*past* sexual behavior" but, rather, relates to occurrences after the sexual abuse. OEC 412(4) defines "past sexual behavior" as "sexual behavior other than the sexual behavior with respect to which * * * sexual abuse * * * is alleged." OEC 412 was intended to protect victims of sexual abuse from embarrassment by the disclosure of intimate details of their personal lives. For the purposes of OEC 412, there appears to be no meaningful distinction between sexual behavior before and after the crime. Embarrassment could result whether the sexual behavior occurred before or after the

crime. Accordingly, we hold that evidence of "past sexual behavior" includes evidence of sexual behavior occurring subsequent to the crime, but before trial.

Judgment vacated; remanded with instructions to review CSD files *in camera;* if exculpatory evidence is found, a new trial shall be ordered; if no exculpatory evidence is found, the judgment shall be reinstated.