Argued and submitted February 22, reversed and remanded July 5, reconsideration denied September 29, petition for review denied November 30, 1989 (308 Or 593)

STATE OF OREGON,
*Appellant,*

*v.*

FREDDIE LEE WRIGHT,
*Respondent.*

(85-1152; CA A42084)

776 P2d 1294

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jenny M. Cooke, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

The state appeals a pretrial order that admitted evidence regarding the victim in a sexual abuse case under OEC 412. It contends that the evidence concerns the victim's past sexual behavior and should not have been admitted.

Defendant was charged in a single indictment with three counts of sexual abuse in the first degree involving a girl who, at the time of trial in 1986, was 11 years old. He offered twelve items of evidence concerning the victim's past behavior. The court held a hearing and issued an order admitting evidence to establish the following:[1]

(1)   The victim and her sister had claimed that a person other than defendant molested them in 1982.

(2)   The victim, her sister and mother discussed the 1982 alleged molestation and contrived a plan to spread rumors about the perpetrator's reputation and to run him out of town.

(3)   In 1982, the victim wrote a sexually explicit note to a boy at school and repeated that behavior in the past year.

(4)   The victim had received special sex counseling before her accusations against defendant.

(5)   Before the charged incident, the victim had watched pornographic films and had described oral copulation to a CSD worker.

(6)   On the basis of his interview with the victim, defendant's attorney concluded that the victim speaks freely about sex and is pre-occupied by the subject.

---

[1] The item numbers in this opinion correspond to the item numbers in the offer of proof as follows:

| Opinion Number | Offer of Proof Number |
| --- | --- |
| 1 | 1 |
| 2 | 2 |
| 3 | 4 |
| 4 | 5 |
| 5 | 6 |
| 6 | 7 |
| 7 | 12 |

The court reserved all questions of competency and ruled that the five other items of evidence are not admissible. Those decisions are not involved in this appeal.

(7)   According to CSD records, the victim had been molested twice before this alleged incident.

In its order, the court explained that items (1), (2), (3), (4), (5) and (7) are admissible under OEC 412 and "general rules of evidence" and that item (6) is admissible under OEC 412 and as impeachment of the victim. The state argues that the trial court should have prohibited those seven items from being introduced under OEC 412,[2] the Rape Shield Rule,

---

[2] OEC 412 provides:

"(1)  Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.425, or in a prosecution for an attempt to commit such a crime, reputation or opinion evidence of the past sexual behavior of an alleged victim of such crime is not admissible.

"(2)  Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.425, or in a prosecution for an attempt to commit such a crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence, other than reputation or opinion evidence is:

"(a)  Admitted in accordance with paragraphs (a) and (b) of subsection (3) of this section; and

"(b)  Is evidence that:

"(A)  Relates to the motive or bias of the alleged victim; or

"(B)  Is necessary to rebut or explain scientific or medical evidence offered by the state; or

"(C)  Is otherwise constitutionally required to be admitted.

"(3)(a)  If the person accused of committing rape, sodomy or sexual abuse or attempted rape, sodomy or sexual abuse intends to offer under subsection (2) of this section evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer such evidence not later than 15 days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties, and on the alleged victim through the office of the prosecutor.

"(b)  The motion described in paragraph (a) of this subsection shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subsection (2) of this section, the court shall order a hearing in chambers to determine if such evidence is admissible. At such hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. Notwithstanding ORS 40.030(2), if the relevancy of the evidence which the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue.

"(c)  If the court determines on the basis of the hearing described in paragraph (b) of this subsection that the evidence which the accused seeks to offer is

which is designed to provide some protection to victims of sexual crimes from the disclosure of degrading and embarrassing details of their private lives by limiting the introduction of evidence concerning past sexual behavior. *See State v. Wattenberger,* 97 Or App 414, 776 P2d 1292 (1989).

**1.** When presented with an offer of such evidence, a trial court must follow a three-step analysis under OEC 412(1) and (2). First, it must determine whether the evidence concerns a victim's "past sexual behavior." If it does not, it is not appropriate for it to make further inquiry under OEC 412. Second, if the evidence does concern past sexual behavior, and is offered in the form of opinion or reputation, the court must deny its admission under OEC 412(1). If it is offered in some other form, then the court must determine whether the purpose of the offer fits within one of the exceptions in OEC 412(2)(b)(A), (B) or (C). If it does not, then the court may not admit the evidence. Third, if it does fit within an exception, the court must balance the probative value of the evidence against its prejudicial effect.

**2.** Defendant initially contends that the state may not appeal the pretrial order, because the evidence does not concern the victim's past sexual behavior. Under OEC 412(3)(c), however,

> "[a]n order admitting evidence under this subsection may be appealed by the government before trial."

The court's order cites OEC 412 as the basis for admitting the evidence. The state may appeal.

The court's first step under OEC 412 is to determine whether the evidence concerns the victim's "past sexual behavior." On appeal, the state apparently assumes that the evidence falls into that category. Defendant contends that the facts alleged in his offer of proof involve acts that are either

relevant, and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined. An order admitting evidence under this subsection may be appealed by the government before the trial.

"(4) For purposes of this section, the term 'past sexual behavior' means sexual behavior other than the sexual behavior with respect to which rape, sodomy or sexual abuse or attempted rape, sodomy or sexual abuse is alleged."

not behavior of the victim or are not sexual. OEC 412(4) provides only that

> "[f]or purposes of this section, the term 'past sexual behavior' means sexual behavior other than the sexual behavior with respect to which rape, sodomy or sexual abuse or attempted rape, sodomy or sexual abuse is alleged."[3]

**3, 4.** We consider the meaning of the term in the context of the Criminal Code. *See* ORS 163.305(1), (6) and (7). We hold that "past sexual behavior" means a volitional or non-volitional physical act that the victim has performed for the purpose of the sexual stimulation or gratification of either the victim or another person or an act that is sexual intercourse, deviate sexual intercourse or sexual contact, or an attempt to engage in such an act, between the victim and another person. Accordingly, items (3), (4, (5) and (6) do not concern "past sexual behavior." The trial court erred in addressing admissibility of those items under OEC 412; we need not decide whether they are otherwise admissible. Finally, items (1) and (2), at least to the extent that they concern previous sexual molestation of the victim, and (7) fall within the term "past sexual behavior" and must, therefore, be reviewed in the second step of the analysis.

Under OEC 412(2)(b), evidence of a victim's past sexual behavior, offered in a form other than opinion or reputation, is admissible if it:

> "(A)   Relates to the motive or bias of the alleged victim; or

> "(B)   Is necessary to rebut or explain scientific or medical evidence offered by the state; or

> "(C)   Is otherwise constitutionally required to be admitted."

The trial court did not specify the particular subsection that

---

[3] OEC 412 replaced *former* ORS 163.475 and is based on that statute and on FRE 412. None of the changes from FRE 412 in OEC 412 is relevant to the scope of the term "past sexual behavior." *Commentary to Oregon Rules of Evidence* Rule 412 (1981). *Former* ORS 163.475 used the term "previous sexual conduct" rather than "past sexual behavior." The legislative history of that statute indicates that the legislature did not mean that behavior would be "sexual" just because it conceivably might have sexual connotations, such as swimming in the nude. Tape recording, Senate Committee on Judiciary, April 23, 1975, Side 2. In adopting OEC 412, it does not appear to have been the intent of the legislature to change what had been the scope of the earlier statute.

requires admission of the evidence. Defendant argues that, if the evidence is of past sexual behavior, it is admissible under all three exceptions.

5.      Defendant argues, first, that it can be inferred that the victim has a motive to accuse him falsely, given her independent basis of knowledge of sexual matters and the sympathy and praise that she receives from reporting sexual molestations. However, motive or bias in the context of OEC 412 denotes a particularized motive or bias against the person offering the evidence. *See State v. Bass,* 69 Or App 166, 169, 683 P2d 1040, *rev den* 298 Or 238 (1984). Although the proffered evidence *might* show a *generalized* bias or motive, it does not address any *particularized* motive or bias that would lead the victim to fabricate the charge made against defendant.

6.      Defendant next argues that the evidence is relevant to rebut or explain the state's "quasi-scientific" or "quasi-medical" evidence that the victim is only aware of sexual matters because defendant allegedly abused her. However, the state's evidence is not "scientific or medical evidence" of the sort that a defendant may rebut under OEC 412(2)(b)(B). *See State v. Nab,* 245 Or 454, 458, 421 P2d 388 (1966).

7.      Defendant argues, finally, that evidence of the victim's previous abuse must be admitted under the Oregon and federal Confrontation Clauses, so that he may show that the victim had a bias or prejudice to accuse him and that she had an alternative basis of knowledge about sexual matters. The Confrontation Clauses only require the admission of relevant evidence, *State v. Bender,* 91 Or App 420, 423, 755 P2d 151, *rev den* 306 Or 527 (1988), after the court has balanced its probative value against its prejudicial effect. *See State v. LeClair,* 83 Or App 121, 129, 730 P2d 609 (1986), *rev den* 303 Or 74 (1987). We have already determined that the evidence is not probative of any particularized motive or bias against defendant. Moreover, during the hearing, the state presented evidence that children of the victim's age would have some knowledge about sexual matters. Consequently, the state had not advanced the theory that defendant wished to rebut.[4]

Reversed and remanded.

---

[4] Because the evidence does not fall within an exception, we need not balance its probative value against its possible prejudicial impact.