Argued and submitted March 3, reversed and remanded November 8, reconsideration denied December 22, 1989, petition for review denied February 22, 1990 (309 Or 334)

# STATE OF OREGON,
*Appellant,*

*v.*

# JOHN RICHARD WEEKS,
*Respondent.*

(10-87-08656; CA A48978)

782 P2d 430

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Bill Sharp, Eugene, argued the cause for respondent. With him on the brief was Morrow, Monks & Sharp, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

The state appeals a pretrial order that admitted evidence under OEC 412 regarding two minor female victims. An indictment charged defendant with separate counts of attempted sexual abuse I, ORS 163.425, of B, then age nine, and of K, then age ten. In each count, the indictment charged that defendant attempted to subject the named victim to "sexual contact."[1] In a third count, the indictment charged that defendant had endangered the welfare of B. ORS 163.575. We reverse.

Under OEC 412, defendant made a pretrial offer of proof of three items of evidence:

(1)  Before August, 1987, K had sat on the lap of a man other than defendant and attempted to play with his genitals ("offer 1");

(2)  In August, 1987, K had asked a neighbor's five-year-old son to pull down the pants of his three-year-old brother and play with the younger brother's genitals ("offer 2");

(3)  In 1985, an 11-year-old boy had exposed his penis in the vicinity of B's face and demanded that she stimulate him ("offer 3").

The court ruled that all of the offered evidence was admissible as "constitutionally protected confrontation of a witness." It held that offers 1 and 2 were admissible to show "prior sexual knowledge by the alleged victim in regard to sexual stimulation of a member of the opposite sex" and that the matters in offer 3 were permissible subjects of cross-examination, "insofar as they relate to a claim of exposure of a penis in the face of the alleged victim accompanied with a demand to stimulate the penis."

OEC 412 applies only to a prosecution for a crime described in ORS 163.355 to ORS 163.425 or to a prosecution

---

[1] ORS 163.305(6) defines "sexual contact" to mean

"any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

for an attempt to commit such a crime. OEC 412(1). Accordingly, it does not apply to a prosecution for endangering the welfare of a minor. A court simply lacks authority to decide, before trial, under OEC 412, whether evidence is admissible in such a prosecution. Also, OEC 412 does not apply unless the evidence concerns the *victim's* behavior. Accordingly, it does not apply to evidence regarding one child's behavior in a prosecution where another child is the victim.

OEC 412 bars evidence about a victim's past sexual behavior, with certain exceptions. *See Commentary to Oregon Evidence Code* § 412. In *State v. Wright,* 97 Or App 401, 406, 776 P2d 1294 (1989), we defined "past sexual behavior" as

> "a volitional or nonvolitional physical act that the victim has performed for the purpose of the sexual stimulation or gratification of either the victim or another person or an act that is sexual intercourse, deviate sexual intercourse or sexual contact, or an attempt to engage in such an act, between the victim and another person."

If the evidence concerns the victim's past sexual behavior and is not in the form of reputation or opinion evidence, OEC 412(2)(b) requires that the court determine whether it is admissible because it:

> "(A)  Relates to the motive or bias of the alleged victim; or

> "(B)  Is necessary to rebut or explain scientific or medical evidence offered by the state; or

> "(C)  Is otherwise constitutionally required to be admitted."

Finally, if the evidence falls within any of those provisions, the court must still balance the probative value of the evidence against the unfair prejudice that it might engender. OEC 412(3)(c).

K's behavior described in offer 2 is not past sexual behavior. K did not perform any physical act for the purpose of sexual stimulation or gratification of herself or another person, although the act that she requested the five year old boy to perform on the three year old boy could have had as its purpose the sexual stimulation or gratification of one or more of the three persons involved. Moreover, the second part of the *Wright* definition is inapplicable. Accordingly, the court erred

when it decided before trial, under OEC 412, that that evidence was admissible with respect to the charge of attempted sexual abuse of her.

Offer 1, on the other hand, describes K's past sexual behavior. Furthermore, offer 3 describes attempted sexual contact between B and another person. Although B did not perform a physical act (the 11 year old boy did), the second part of the *Wright* definition covers his attempt to engage in sexual contact with B. Offer 3, therefore, concerns B's past sexual behavior. Accordingly, we review the evidence covered by offers 1 and 3 to determine whether the court correctly admitted them with respect to the charge of attempted sexual abuse of the particular victim involved.

Defendant contends that the Confrontation Clauses of Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments require that the evidence be admitted under OEC 412(2)(b)(C). He asserts that offers 1 and 3 show the victims' knowledge about sexual stimulation of males. He argues that he has the right to introduce that evidence to show that the victims could have fabricated the charges against him.[2]

■■■ The Confrontation Clauses do not require that the court admit evidence that is not relevant. *State v. Bender,* 91 Or App 420, 755 P2d 151, *rev den* 306 Or 527 (1988). "Relevant evidence" means evidence having any tendency to make the existence of a fact of consequence to the determination of the action more or less probable than it would be without that evidence. OEC 401. Accordingly, to be relevant, the evidence must make it more probable than it would be without that evidence that the victims fabricated the charges against defendant. Information about the victims' ability to fabricate the charges would be relevant only if there were also some evidence with a tendency to show that the victims had a motive to fabricate the charges *against defendant. See State v. Wright,*

---

[2] Defendant also argues that he has the right to introduce offers 1 and 3 to refute the inference that the victims' knowledge about sexual stimulation of males and, therefore, their ability to describe defendant's acts, comes from those acts. The state has not argued for the inference that defendant wishes to rebut. Moreover, the state was willing to stipulate that children of the victims' ages would have some knowledge of sexual matters and that defendant could cross-examine them about their knowledge immediately before the alleged attempts.

*supra,* 97 Or App at 407. Offers 1 and 3, however, concern incidents involving persons other than defendant. Moreover, defendant introduced no other evidence tending to show that the incidents related to a motive to fabricate charges against him or that the victims had any other reason to fabricate charges against him. The court, therefore, erred when it ruled that the evidence in offers 1 and 3 is admissible.[3]

Reversed and remanded.

---

[3] Because we hold that the evidence covered by offers 1 and 3 is not relevant, we need not consider whether the court properly weighed it. *See State v. Bass,* 69 Or App 166, 169 n 2, 683 P2d 1040, *rev den* 298 Or 238 (1984).