Argued and submitted June 5, 2008, reversed and remanded January 7, petition for review denied June 4, 2009 (346 Or 257)

# STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

# JOHN CHRISTOPHER FOWLER,
*Defendant-Respondent.*

Linn County Circuit Court
04122654; A132929

200 P3d 591

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Kevin T. Lafky argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

■ Defendant was charged with three counts of first-degree sodomy, ORS 163.405, and six counts of third-degree sexual abuse, ORS 163.415. The state appeals a pretrial order, issued pursuant to OEC 412,[1] granting defendant's motion to allow admission of evidence of the past sexual behavior of the alleged victim, the teenaged daughter of defendant's girlfriend. We reverse.

The relevant facts are largely procedural and not disputed. Defendant was charged in January 2005 based on conduct that allegedly occurred between June 1, 2003 and September 30, 2004, when the alleged victim was in the eighth and ninth grades. Before trial, defendant moved pursuant to OEC 412 for an order allowing admission of portions of the alleged victim's diary beginning in May 2004—at the end of the alleged victim's eighth-grade school year—and continuing through December of that year. The diary entries, which were submitted to the trial court in defendant's offer of proof, included descriptions of the alleged victim's sexual

---

[1] OEC 412 provides, in part:

"(1) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.427, * * * the following evidence is not admissible:

"(a) Reputation or opinion evidence of the past sexual behavior of an alleged victim of the crime or a corroborating witness; * * *

"* * * * *

"(2) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.427, * * * evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless the evidence other than reputation or opinion evidence:

"(a) Is admitted in accordance with subsection (4) of this section [setting out procedural requirements]; and

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim;

"(B) Is necessary to rebut or explain scientific or medical evidence offered by the state; or

"(C) Is otherwise constitutionally required to be admitted."

For the purposes of OEC 412, "past sexual behavior" means "a volitional or non-volitional physical act that the victim has performed for the purpose of the sexual stimulation or gratification of either the victim or another person," including sexual contact or an attempt to engage in such an act. *State v. Wright*, 97 Or App 401, 406, 776 P2d 1294, *rev den*, 308 Or 593 (1989). Under OEC 412(4)(c), an order admitting evidence under the rule is subject to appeal by the state before trial.

activities (ranging from hugging and kissing to sexual touching) with five peer-aged boys. The alleged victim also indicated in the diary that defendant had seen her hugging and kissing a boy after a church group meeting and glared at her; that defendant might have driven by a location where she had engaged in sexual touching with a different boy; and that the alleged victim's mother and defendant had learned that she had "made out" with another boy. The diary contained no references to defendant's own alleged sexual conduct toward the victim.

As pertinent here, in moving for its admission, defendant contended that the entire diary was relevant to show the alleged victim's bias or motive, as provided in OEC 412(2)(b)(A), and that, consistently with OEC 412(2)(b)(C), the diary was required to be admitted under the confrontation and compulsory process clauses of the state and federal constitutions.[2] Defendant generally argued that, because the alleged victim's descriptions in the diary of her activities were so detailed and because they included at least one incident about which the alleged victim was embarrassed or ashamed, the descriptions supported defendant's theory that, if defendant had committed sexual acts against the alleged victim, she would have included those events in her diary as well.

After a hearing, the trial court concluded that the entire diary's contents were constitutionally required to be admitted, as provided in OEC 412(2)(b)(C). Specifically, the trial court concluded that, in light of the descriptions in the diary of the alleged victim's conduct with other males and the fact that the diary contained no references to defendant's alleged conduct, the diary constituted exculpatory evidence that the Due Process Clause entitled defendant to present. The trial court further determined that the diary was admissible because details of the alleged victim's activities were

---

[2] Article I, section 11, of the Oregon Constitution provides, in part, that, "[i]n all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." The Sixth Amendment to the United States Constitution provides, in part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him [and] to have compulsory process for obtaining witnesses in his favor."

relevant to the question whether defendant's own conduct included "sexual contact," as alleged in some of the charges. The court stated that it was not the court's intent to "embarrass or cause emotional injury to the victim"; it did not, however, expressly balance the probative effect of the evidence against its prejudicial effect.

On appeal, the state challenges only the scope of the trial court's ruling. The state agrees that defendant is entitled to elicit evidence that the diary contains references to the alleged victim's conduct with peer-aged boys and no references to defendant's alleged conduct. *Cf. State v. Iverson*, 185 Or App 9, 17, 57 P3d 953 (2002), *rev den*, 335 Or 655 (2003) (OEC 412 did not apply to evidence demonstrating that the victim had a previous opportunity to disclose the defendant's alleged abuse to a medical doctor and had failed to do so). The state also concedes that defendant is entitled to present evidence that the alleged victim was concerned about defendant's and her mother's discovery of her activities with her peers. The state contends, however, that the specific details about the alleged victim's activities are not admissible for either of the purposes proffered by defendant—that is, to protect defendant's constitutional right to confrontation and compulsory process or to show the alleged victim's motive or bias against defendant.

Defendant responds that the evidence is admissible for both of those purposes. As to whether the evidence was constitutionally required to be admitted as provided in OEC 412(2)(b)(C), defendant contends that admission of the entire diary is necessary under the state and federal confrontation clauses in order to "accurately illustrat[e]" the absence of any diary entries about his alleged conduct and, relatedly, the alleged victim's assertedly poor reliability and credibility. He also argues that admission of the entire diary is required under the compulsory process clauses to vindicate his right to have the jury hear the testimony of witnesses.

As to motive or bias under OEC 412(2)(b)(A), defendant contends that the details of the alleged victim's sexual activities—including what he characterizes as their escalating nature and frequency—are relevant to her motive to fabricate her allegations against defendant because they support his theory that her aim was to get defendant "out of the

picture," so that her activities would be "virtually unrestricted." Defendant also argues that the evidence is admissible as evidence of bias or interest under OEC 609-1[3] —specifically, that the diary entries show the alleged victim's bias by showing that she was displeased with defendant's role in monitoring and restraining her activities and that they show her interest in having him removed from that role. He contends that the diary is admissible in its entirety under OEC 106,[4] providing for admission of the whole of a writing or declaration, if otherwise admissible, when any part is admitted; according to defendant, the admission of the entire diary is necessary to permit the factfinder to evaluate the cogency of the alleged victim's accusations against him. Finally, defendant contends that erroneous exclusion of the diary would not be harmless, because the alleged victim is the only witness against him.

■■ In determining the admissibility of evidence under OEC 412, the trial court is obliged to conduct a three-step inquiry. First, the court determines whether the evidence concerns a victim's past sexual behavior; if it is does not, OEC 412 does not apply. *State v. Muyingo*, 171 Or App 218, 224, 15

---

[3] OEC 609-1 provides:

"(1) The credibility of a witness may be attacked by evidence that the witness engaged in conduct or made statements showing bias or interest. In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the statement shall be shown or disclosed to the opposing party.

"(2) If a witness fully admits the facts claimed to show the bias or interest of the witness, additional evidence of that bias or interest shall not be admitted. If the witness denies or does not fully admit the facts claimed to show bias or interest, the party attacking the credibility of the witness may then offer evidence to prove those facts.

"(3) Evidence to support or rehabilitate a witness whose credibility has been attacked by evidence of bias or interest shall be limited to evidence showing a lack of bias or interest."

[4] OEC 106 provides:

"When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject, where otherwise admissible, may at that time be inquired into by the other; when a letter is read, the answer may at that time be given; and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation or writing which is necessary to make it understood may at that time also be given in evidence."

P3d 83 (2000), *rev den*, 332 Or 431 (2001) (citing *State v. Wright*, 97 Or App 401, 405, 776 P2d 1294, *rev den*, 308 Or 593 (1989)). If the evidence does concern the victim's past sexual behavior, the trial court determines whether it is offered in the form of opinion or reputation evidence; if it is, the court must deny admission. OEC 412(1); *Muyingo*, 171 Or App at 224. If it is offered in some other form, the trial court must determine as a matter of law whether the purpose of the offer fits within one of the exceptions in OEC 412(2)(b); if it is does not, again, the trial court must deny admission.[5] *Muyingo*, 171 Or App at 224. Finally, if the evidence fits within an exception, the court must balance the probative value of the evidence against its prejudicial effect. *Id. See also State v. Lajoie*, 316 Or 63, 69, 849 P2d 479 (1993) (a purpose of the rule is to encourage victims to report sexual crimes and to assist in the prosecution of their attackers); *State v. Beden*, 162 Or App 178, 187, 986 P2d 94 (1999) (OEC 412 is intended to protect against "unfair prejudice" by protecting victims of sexual crimes from the " 'degrading and embarrassing disclosure of intimate details about their private lives' that might provide an improper basis for a juror to weigh the credibility of a victim-witness or for making a decision in the case." (Quoting Legislative Commentary to OEC 412, *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 202 (2d ed 1989).)). We review the trial court's ruling on the latter issue for an abuse of discretion. *State v. Wattenbarger*, 97 Or App 414, 418, 776 P2d 1292, *rev den*, 308 Or 331 (1989).

■■ Here, it is undisputed that the challenged evidence concerns the alleged victim's past sexual behavior and that it is not offered in the form of opinion or reputation evidence. We therefore consider whether the evidence fits into any of the exceptions identified in OEC 412(2)(b). Because it was the basis for the trial court's ruling, we first consider whether evidence of the specific details of the victim's sexual activities with her peers is "otherwise constitutionally required to be admitted," as provided in OEC 412(2)(b)(C). In determining whether evidence must be admitted because excluding it

---

[5] In *Muyingo*, the court concluded that the challenged evidence was admissible to rebut or explain scientific or medical evidence as provided in OEC 412(2)(b)(B). 171 Or App at 225. That portion of the rule is not at issue in this case.

would infringe on a defendant's constitutional rights to confront witnesses and to present exculpatory evidence, "the constitutional issue reduces to a weighing of the state's interest in excluding [the] defendant's evidence against the value of that evidence to the defense." *See State v. Beeler*, 166 Or App 275, 283-84, 999 P2d 497, *rev den*, 331 Or 244 (2000). Under OEC 412, the state's interest is in "protect[ing] victims of sexual crimes from degrading and embarrassing disclosure of intimate details about their personal lives[,] thereby encourag[ing] victims to report and assist in the prosecution of the crime." *Id.* at 283 (quoting *Lajoie*, 316 Or at 69).

We begin with defendant's constitutional right to confront witnesses.[6] The essential purpose of confrontation is to secure the opportunity for cross-examination. *Beeler*, 166 Or App at 282 (citing *Delaware v. Van Arsdall*, 475 US 673, 678, 106 S Ct 1431, 89 L Ed 2d 347 (1974)); *State v. Herrera*, 286 Or 349, 353-54, 594 P2d 823 (1979) (the right of confrontation protects two vital interests of the defendant: it guarantees that the defendant has an opportunity to cross-examine a witness in order to test her sincerity, memory, ability to perceive and relate, and the factual basis of her statements, and it enables the defendant to demonstrate to

---

[6] As mentioned, the trial court viewed the evidence at issue as exculpatory evidence that defendant was entitled to present under the Due Process Clause of the Fourteenth Amendment. *See* Laird C. Kirkpatrick, *Oregon Evidence* § 412.03(4)(c), 288 (4th ed 2002) (explaining that the "primary constitutional provisions" that may require admission of evidence under OEC 412(2)(b)(C) are the Sixth Amendment's confrontation and compulsory process clauses, the Due Process Clause of the Fourteenth Amendment as applied in *Chambers v. Mississippi*, 410 US 284, 302, 93 S Ct 1038, 35 L Ed 2d 297 (1973), and the confrontation and compulsory process clauses of Article I, section 11, of the Oregon Constitution). Our review of *Chambers*— which involved the exclusion of evidence under the state's rules relating to nonadverse testimony and certain forms of hearsay—discloses that, although the Court based its decision in that case on the defendant's right under the Due Process Clause to present exculpatory evidence, the Court analyzed that right in terms of the defendant's rights to confrontation (including the right to cross-examine witnesses) and compulsory process. *See* 410 US at 294-303 (determining that the exclusion of the evidence violated the defendant's rights to cross-examine witnesses and to present witnesses on his own behalf). We therefore understand *Chambers*, as well as the trial court's ruling in this case, to turn on those rights, notwithstanding the references in the respective courts' rulings to the Due Process Clause. Accordingly, we need not affirm the trial court's ruling here on the ground that the state failed to challenge its basis. *Cf. Jensen v. Medley*, 336 Or App 222, 239-40, 82 P3d 149 (2003) (where a party failed to challenge a basis of the trial court's ruling, the reviewing court necessarily affirmed it).

the jury the witness's demeanor when confronted by the defendant so that the credibility of the witness is displayed in the courtroom). It is well settled that the right to confront witnesses does not extend to the admission of extrinsic evidence of a witness's prior conduct. *See State v. Driver*, 192 Or App 395, 401-02, 86 P3d 53, *rev den*, 337 Or 248 (2004), *cert den*, 543 US 1126 (2005) (affirming the exclusion of extrinsic evidence that the victim had made a prior false allegation of abuse).

■ Moreover, not only are confrontation rights limited to cross-examination, but those cross-examination rights "are subject to further paring if the trial judge has 'concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.' " *Id*. at 403 (quoting *Van Arsdall*, 475 US at 679). As we have explained,

> "[t]rial judges have less discretion to limit cross-examination where the evidence suggests that the victim has a bias against the defendant or a motive to accuse falsely. But even when bias or motive is at issue, the most the Confrontation Clause grants a defendant is a right to cross-examine the allegedly biased witness."

*Id*. (citations omitted).

■ Here, as in *Driver*, defendant seeks the admission of extrinsic evidence. Consistently with the cases discussed above, defendant's rights under the state and federal confrontation clauses do not extend that far. Those clauses do not entitle defendant to admission of the challenged evidence.

■ We next consider whether defendant was entitled to present the evidence pursuant to the compulsory process clauses. Those clauses were enacted to overcome the early common-law rule prohibiting a defendant from calling witnesses on his or her behalf. *Beeler*, 166 Or App at 282 (citing *State v. Mai*, 294 Or 269, 273, 656 P2d 315 (1982)). The state constitutional provision is construed consistently with the virtually identical federal clause. *Mai*, 294 Or at 273. Although a defendant's right to present evidence and to have the jury hear that evidence is fundamental, the right "does

not automatically trump other legitimate concerns and may, for example, be subjected to a state's established rules of evidence and procedure." *Beeler*, 166 Or App at 283 (citing *Chambers v. Mississippi*, 410 US 284, 302, 93 S Ct 1038, 35 L Ed 2d 297 (1973)); *see also Michigan v. Lucas*, 500 US 145, 149, 111 S Ct 1743, 114 L Ed 2d 205 (1991) (denying the defendant's Sixth Amendment challenge to the exclusion of evidence regarding his prior sexual relationship with the victim because the defendant failed to comply with the notice and hearing requirement of Michigan's rape-shield law). "A defendant's right to present evidence may be denied if the state's interest in excluding the evidence outweighs the value of the challenged evidence to the defense." *Beeler*, 166 Or App at 283.

In *Beeler*, the defendant sought to admit evidence that the alleged victim engaged in consensual sexual relations with her former boyfriend the night after the defendant allegedly raped her. *Id.* at 277-78. The defendant's theory was that the evidence was probative of his theory that she had consented to sexual relations with him. *Id.* at 285. This court concluded that the evidence was only marginally probative, at best, to show that the defendant did not rape the alleged victim. *Id.* In contrast, the admission of the evidence would have undermined the state's interest in protecting victims of sexual crimes from embarrassing disclosures and its interest in encouraging such victims to report and assist in the prosecution of those crimes. Because the value of the evidence to the defense did not outweigh the state's interest in excluding the evidence, the compulsory process clauses did not require admission of the evidence. *Id.*

We reach the same result here. Specifically, we conclude that the details of the alleged victim's activities with her peers have minimal, if any, logical relevance to defendant's theory of his defense: that the alleged victim considered him to be an obstacle to her further engagement in such conduct and that she brought her accusations in order to eliminate that obstacle. The resulting minimal value of the evidence to defendant is outweighed by the state's interests, described above, in excluding the evidence. Defendant's rights under the compulsory processes clauses are not violated by exclusion of the evidence.

Accordingly, the trial court erred in concluding that the challenged evidence was constitutionally required to be admitted pursuant to OEC 412(2)(b)(C).

 Although it was not the basis of the trial court's ruling, we next consider whether, as argued by defendant below and as disputed by the parties on appeal, the evidence was admissible under OEC 412(2)(b)(A). *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001) (in determining the correctness of a trial court's ruling, the reviewing court is not limited to the trial court's rationale but may affirm the decision if it was "right for the wrong reason," so long as the evidentiary record was sufficiently developed to support that alternative ground). As pertinent to that exception to inadmissibility, we explained in *Beden* that motive or bias in the context of OEC 412(2)(b)(A) "denotes a particularized motive or bias against the person offering the evidence" and that "a generalized bias or motive is not sufficient." 162 Or App at 185. There is no requirement that the alleged victim acted out of ill will; rather, it is necessary to show only that the alleged victim had some reason that incites him or her to act. *Id.* at 185-86. "The essence of the requirement is that there be a logical connection" between the evidence and "any motive to accuse the defendant in this case." *Id.* at 185.

As previously discussed, defendant contends that the details of the alleged victim's conduct support his defense theory that she fabricated her accusations against him in order to rid herself of the "obstacle" that he purportedly presented to her continued engagement in such activities. However, similarly to our analysis under OEC 412(2)(b)(C), we perceive, at best, a minimal logical connection between the specific details of the alleged victim's activities with her peers and defendant's theory that she was motivated to falsely accuse him in order to be free of his scrutiny of those activities. Evidence that the victim generally engaged in such activities, as the state offered to stipulate, and evidence that she was concerned that defendant might prevent her from doing so, are sufficient to make that point. *See State v. Thompson*, 131 Or App 230, 236, 884 P2d 574 (1994), *rev den*, 320 Or 508 (1995) ("no logical connection" existed between the alleged victim's purported history of trading sex for drugs

and any motive to accuse the defendant); *State v. Niles*, 108 Or App 735, 739, 817 P2d 293 (1991), *rev den*, 312 Or 589 (1992) ("no logical connection" existed between evidence of the victim's previous consensual sexual encounters with restaurant patrons and her purported motive to accuse the defendant of rape in order to avoid her boyfriend's reaction to her late return home from the restaurant); *State v. Bass*, 69 Or App 166, 683 P2d 1040, *rev den*, 298 Or 238 (1984) (the defendant's assertion that the victim falsely accused him of forcible rape because he had threatened to interfere with her pecuniary sexual relationship with another man did not require admission of evidence of the specific types of sexual acts that characterized the pecuniary relationship). Because the factual details of the alleged victim's conduct as described in her diary are not relevant to the purpose for which defendant seeks to admit them, we need not consider whether their probative value is outweighed by the danger of unfair prejudice. The challenged evidence is not admissible under OEC 412(2)(b)(A).

Because the challenged evidence is not admissible under either of the applicable OEC 412 exceptions, we also need not consider whether, as defendant argues, it meets the requirements for admission under OEC 609-1 or OEC 106. The trial court erred in granting defendant's motion.

Reversed and remanded.