490 P.2d 206 (1971)
STATE of Oregon, Respondent,
v.
Larry Vernard RAIFORD, Appellant.
Court of Appeals of Oregon, Department 1.
November 11, 1971.
*207 Paul J. Rask, Terrance L. McCauley and Raul Soto-Seelig, Portland, for petition.
Lee Johnson, Atty. Gen., John W. Osburn, Sol. Gen., and Thomas H. Denney, Asst. Atty. Gen., Salem, contra.
Before SCHWAB, C.J., and FOLEY, and THORNTON, JJ.
THORNTON, Judge.
This case was argued at trial and on appeal on the issue of the voluntariness of the confession. In attempting to establish that the confession was involuntary, two of the factors relied on by defendant were that his parents had not been notified and that he was not taken promptly to the juvenile detention home. The contention that these acts were contrary to certain provisions of the Oregon Juvenile Code[1] was not mentioned. At no time prior to the petition for rehearing did defendant contend that the failure to observe the statutory provisions referred to invalidated the confession as a matter of law.
The record indicates that defendant was arrested at 3 a.m. as a curfew violator and subsequently questioned at the station house concerning his implication in a series of burglaries. At 4:30 a.m. he signed a waiver of his rights; at 5:30 a.m. he signed a confession. Shortly thereafter he was taken to the juvenile home. Neither his parents nor an attorney was present during the questioning. The record is silent as to whether or not the officers endeavored to notify defendant's parents as required by ORS 419.573(2).
In both State v. Phillips, 245 Or. 466, 422 P.2d 670 (1967), and State v. Gullings, 244 Or. 173, 416 P.2d 311 (1966), the minor's parents were not present at the time he waived his rights. The waivers were upheld notwithstanding. Phillips held that a violation of ORS 419.575(2) (a) was not in itself enough to require the suppression of the confession obtained.
*208 The law of the great majority of states, including Oregon, is that the violation of statutes concerning the handling of juveniles and the presence or absence of their parents are not determinative, but are factors to be considered in determining whether a juvenile's confession is voluntary. See, In re Williams, 49 Misc.2d 154, 267 N.Y.S.2d 91 (Fam.Ct. 1966). Petitioner had a full hearing on the issue of voluntariness on trial and on appeal. No reason is given for the petitioner's failure to raise the issue of statutory violations at either of the prior hearings.
The petition for rehearing is denied.
NOTES
[1] ORS 419.573(2) provides:

"As soon as practicable after the child is taken into custody, the peace officer or other person taking him into custody shall notify the child's parent, guardian or other person responsible for the child."
ORS 419.575(2) (a) provides:
"(2) No child shall at any time be detained in a police station, jail, prison or other place where adults are detained, except as follows:
"(a) A child may be detained in a police station for such period, not exceeding three hours, as may be necessary to obtain the child's name, age, residence and other identifying information."
ORS 419.577 provides:
"(1) If a child taken into temporary custody is not released as provided in subsection (3) of ORS 419.573, the peace officer or other person taking the child into custody shall without unnecessary delay take the child:
"(a) Before the court; or
"(b) To a place of detention or shelter care designated by the court, or to a jail if no detention facility is available and the child requires secure custody, and shall as soon as possible thereafter notify the court that the child has been taken into custody; or
"(c) Deliver the child to the county in which he resides as provided in ORS 419.579.
"(2) Except where the child is taken into custody pursuant to an order of the court, the peace officer or other person taking the child into custody shall promptly file with the court or a counselor a brief written report stating:
"(a) The child's name, age and address; and
"(b) The reason why the child was not released.
"(3) Pending further disposition of the case, the court may release the child to the custody of his parent or other responsible person or may order that the child remain in detention or shelter care subject to further order. No child shall be held in detention more than 24 hours, excluding Saturdays, Sundays and judicial holidays, except on order of the court nor for more than 48 hours, excluding Saturdays, Sundays and judicial holidays, except on order of the court made pursuant to a hearing on the matter of detention."