Argued October 20, affirmed December 8, 1975

In the Matter of H., Minor Child.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent, v.* H.,
MINOR CHILD (No. 54,693, CA 4552), *Appellant.*

543 P2d 52

*John McCourt,* Beaverton, argued the cause and filed the brief for appellant.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief

were Lee Johnson, Attorney General, and James A. Hill, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

This 14-year-old juvenile was found by the juvenile department of the circuit court to be within the jurisdiction of that court by reason of the commission of acts which if done by an adult would have been burglary in the first degree and rape in the first degree. He was made a ward of the court and placed on probation. One of the probation conditions was that he remain away from the Portland area for a period of two years. He appeals, contending there were errors in his hearing and the requirement that he remain away from Portland for two years is too severe.

Evidence at the hearing was that the juvenile unlawfully entered the home of a neighbor for the purpose of larceny and was surprised by the return of the 31-year-old housewife. He seized her and under threat of killing her required her to submit to sexual intercourse with him. The return of her husband interrupted the activity and the juvenile fled through a window.

The juvenile was questioned by two police officers in the juvenile's home in the absence of his mother[1] who was employed outside the home. The officers testified that they went to the home about 3:45 p.m. The juvenile was told that they were investigating a serious incident which involved a neighbor. The juvenile invited the officers into his home and one of them read him the *Miranda* warnings. He was

---

[1] He testified that his parents were divorced a year previous to the hearing and his father was in Oklahoma.

told that he was not under arrest and was free to leave at any time. He was then questioned and admitted substantially the facts alleged in the petition. The officers denied the use of threats or coercion in any form. The trial court admitted in evidence the tape containing the juvenile's statement in which the admissions and confession were contained.

The juvenile's principal contention is that he was questioned in the absence of his parent and that his admissions and confession were not voluntary. ORS 419.573(2) provides for notification of the parent or other person responsible for the child as soon as practicable after the child is taken into custody. Here the child was not taken into custody and the trial court undoubtedly considered this[2] and the other factors involved in his questioning before concluding that his inculpatory statements were voluntary. The evidence supports such a finding. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

We conclude that the juvenile's rights were adequately protected. The assignment of error regarding the sanction imposed does not warrant discussion.

Affirmed.

---

[2] We said in State v. Raiford, 7 Or App 202, 209-10, 488 P2d 295, 490 P2d 206, Sup Ct *review denied* (1971):

"The law of the great majority of states, including Oregon, is that the violation of statutes concerning the handling of juveniles and the presence or absence of their parents are not determinative, but are factors to be considered in determining whether a juvenile's confession is voluntary. * * *"

*See also* State v. Patterson, 5 Or App 438, 448, 485 P2d 429 (1971).