Argued and submitted January 21, reversed and
remanded for new trial March 10, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD RAY WASSON,
*Appellant.*

## (No. 36469, CA 15564)

607 P2d 792

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Virginia L. Linder, Certified Law Student, Salem.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

After trial by jury, defendant appeals from his convictions of attempted rape in the first degree, ORS 161.405 and 163.375(1)(a), and criminal mischief in the second degree, ORS 164.354. We hold that the trial court committed reversible error in allowing the state to elicit testimony from defendant on cross-examination that prior to the attempted rape defendant, while armed with a gun, had entered a Circle K market with the intent to rob the market. We reverse and remand for new trial.[1]

At trial, defendant's only defense to the charge of attempted rape was renunciation, ORS 161.430(1). That statute provides:

> "A person is not liable under ORS 161.405 if, under circumstances manifesting a voluntary and complete renunciation of his criminal intent, he avoids the commission of the crime attempted by abandoning his criminal effort and, if mere abandonment is insufficient to accomplish this avoidance, doing everything necessary to prevent the commission of the attempted crime."

In proving a defense of renunciation, "defendant must show by a preponderance of the evidence that his motive for desisting was due to a change in heart, and was not founded in fear of apprehension or because the actual commission of the crime posed unexpected difficulties." *State v. Lammers,* 29 Or App 207, 210, 562 P2d 1223 (1977). The state argues that the challenged evidence was relevant to show defendant's agitated state of mind preceding the attempted rape, and that as a result of that state of mind it was unlikely that he renounced his intent to commit rape.[2]

---

[1] Our resolution of this issue renders it unnecessary to address defendant's other assignment.

[2] During the state's rebuttal closing argument, the prosecutor stated:

"Now, let me return because there was one element that I want to discuss with you about this change of the Defendant's mind that supports what I'm suggesting about his changing his use of force and

In *State v. Manrique,* 271 Or 201, 205, 531 P2d 239 (1975), the court stated:

> "The fundamental rule of evidence is that in order to be admissible evidence must be relevant, i.e., have some probative value to prove some issue in a case, and that all relevant evidence is admissible unless it falls within one of the so-called 'exclusionary' rules of evidence. * * * It is equally well established that evidence may be rejected, although relevant, if its probative value is outweighed by various other considerations, including the danger of prejudice."[3]

not changing his mind. Take into account what the Defendant was doing earlier prior to the time that he even had any contact with her. He had been out with a friend of his, with girls, drinking beer. He had been unsuccessful. His good buddy had been successful. He felt frustrated about this. He felt upset to the point that he was angry enough and upset enough to attempt a robbery at the Circle K Store. I use that term 'attempt' loosely. The Defendant went to the Circle K Store, but when he saw there were too many people there, he changed his mind and left."

\* \* \* \* \*

"He went on from there, he went on from the robbery or his idea of a robbery and went down the street with this gun in his belt. We don't know where he had it. I assume that he had it in his belt or on his person in some way. All of this frustration with not being able to find a girl that night, with drinking some beer, with his good buddy getting some sex that night and him not, think of how that must have insulted this man who thinks of himself as something of an Adonis, a person able to get sex if he wanted to. So the intensity of his desire to get sex grew greater, and that's evidenced by the fact that he was willing to take it by force.

"Now, if you know there's that kind of intensity behind his intent, then you must know that it's going to take something extremely influential to overcome that intent, and there's nothing extremely influential here to do that, only the words of the victim and her efforts to talk him out of it."

[3] The parties unnecessarily focus on whether the testimony was evidence of a "prior bad act" or "other crime" so as to fit the rules of *State v. Manrique, supra.* The proper analysis begins with the determination whether the evidence is relevant to establish a fact or inference the state is entitled to prove, without regard to the character of the evidence. Next, the court must determine whether the probative value of the evidence "exceeds the inflammatory nature of the other inferences the evidence may disclose." *State v. Hockings,* 29 Or App 139, 145, 562 P2d 587, *rev den* (1977), *cert denied,* 434 US 1049, 98 S Ct 899, 54 L Ed 2d 802 (1978). The special rules applicable to, for instance, evidence of other crimes are but aspects of the broad problem of relevancy. *State v. Hockings, supra.*

Whatever relevance defendant's intent to rob the Circle K may have to the renunciation issue is at best marginal. The state of mind required for commission of robbery[4] bears no relation to the intent required for rape in the first degree.[5] Further, the relevance based on the state's need for that evidence to rebut the renunciation defense was weak, since the state presented other more significant evidence on the issue. *Cf. State v. Hockings,* 29 Or App 139, 562 P2d 587, *rev den* (1977), *cert denied,* 434 US 1049, 98 S Ct 899, 54 L Ed 2d 802 (1978).

The minimal probative value of the evidence was outweighed by its prejudice to the defendant in portraying him to the jury as a potential armed robber. Thus, it was error to admit the evidence.

The question remains whether the error was prejudicial. Upon review of the record, we cannot say that the evidence against renunciation was so overwhelming that the error committed was very unlikely to have changed the result at trial. *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

Reversed and remanded for new trial.

---

[4] The crime of robbery requires that the defendant possess the "intent to deprive another of property or to appropriate property to himself or to a third person," ORS 164.015, plus the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft." ORS 164.395(1)(a) and (b).

[5] The commission of rape in the first degree requires that the actor commit each of the material elements of the crime either intentionally, knowingly, recklessly, or with criminal negligence. ORS 163.375, 161.115(2).