Argued and submitted May 30, affirmed July 21, 1980

STATE OF OREGON,
*Appellant,*
*v.*
LARRY KENT CHASE,
*Respondent.*
(No. 10-79-01700, CA 16411)
613 P2d 1104

David L. Atkinson, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Douglas L. Melevin, Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

The state appeals from an order of the circuit court allowing defendant's motion *in limine* prohibiting the state from introducing certain evidence at trial.

Defendant, an adult male schoolteacher, was indicted for unlawful delivery of a controlled substance (marijuana) to a minor, who was a student attending defendant's school. The state sought to show that, while defendant was inviting the minor to his home to smoke marijuana, defendant discussed defendant's alleged homosexual orientation with the minor, and that shortly thereafter, while at defendant's home and after furnishing marijuana to the minor, defendant displayed photos of nude males in a magazine to the minor and made comments about the photos indicating his sexual excitement.

The challenged order *in limine* read in pertinent part:

" * * * IT IS HEREBY ORDERED that any reference to Defendant's sexual orientation as a homosexual be and the same hereby is excluded from evidence during the trial, and the prosecution shall make no reference to Defendant's sexual orientation as a homosexual in voir dire examination, opening statement, examination of witnesses, or in closing argument, or in any other manner that would bring the matter to the attention of the jury.

"IT IS FURTHER ORDERED that certain January, 1979 issue of *Playgirl* magazine be and the same hereby is excluded as evidence in the trial of the above-referenced matter, and any reference to the magazine, either by the witnesses on behalf of the. State, or by the prosecuting attorney, shall be excluded during all proceedings of the trial."

On appeal the state argues that the challenged evidence was admissible on either of two alternative theories: First, the evidence "completes the picture" of the offense for which defendant was charged;

second, the evidence is relevant to show defendant's motive for giving the marijuana to the boy.

The state invites our attention to a number of decisions where courts have permitted similar evidence, including the following:

*State v. Hamilton,* 5 Or App 266, 483 P2d 90, *rev den* (1971). Defendant was charged with statutory rape. Held, evidence that defendant had given the victim pep pills and LSD prior to the seduction was admissible.

*State v. Raiford,* 7 Or App 202, 490 P2d 295, *reh den* 7 Or App 202, 490 P2d 206, *rev den* (1971). Defendant was arrested on a larceny charge. Police took him into custody and were interrogating him at some length when they discovered a stolen credit card in his possession. Defendant was later tried on the latter offense. Held, the state could show that defendant was being detained in connection with the larceny charge at the time the stolen credit card was discovered.

*State v. Ketchum,* 16 Or App 322, 518 P2d 660, *rev den* (1974). Defendant was prosecuted for furnishing drugs to a minor. Held, that state could show that defendant had sold the drugs to the minor on an earlier occasion, and that the reason the police witnessed the transaction was that they had given the minor the money to make the latest buy.

■ Defendant counters the above by arguing in support of the trial court's order that the challenged evidence from which it could be inferred that defendant is a homosexual was properly excluded because the prejudicial effect of the evidence outweighed its probative value.

At the hearing on defendant's motion to suppress, defendant offered testimony tending to

prove that there was a significant amount of public opinion in the Eugene area against persons who practice homosexuality and that this was demonstrated in 1978 by the referendum election to repeal a portion of the city Human Rights Ordinance which extended certain protections to homosexuals. The testimony was that the challenged provision was repealed by a vote of some 60 percent of the voters of the city.

The applicable rule to be followed in resolving issues of the kind presented here was summarized in *State v. Flett,* 234 Or 124, 127, 380 P2d 634 (1963), in these words:

> "* * * When highly prejudicial evidence is offered, its relevancy, i.e., its tendency to prove an issue in dispute, must be weighed against the tendency of the offered evidence to produce passion and prejudice out of proportion to its probative value. The rule has been followed in later cases which have made it clear that the matter is largely within the discretion of the trial court. * * *"

After examining this record and considering the authorities offered by both sides, we conclude, as did the trial judge, that the potential prejudice in the challenged evidence exceeds its probative value. While we recognize that courts have frequently allowed marginally relevant evidence for the sake of "completing the picture" or to show "motive," "scheme," "plan," or other matters only indirectly related to the issues of the case, we conclude that in this instance the trial judge did not abuse his discretion in prohibiting the state from introducing the challenged evidence. *See State v. Kristich,* 226 Or 240, 359 P2d 1106 (1961).

In the first place, we are dealing here with a highly inflammatory subject, namely, homosexuality and a claimed veiled approach by a homosexual teacher to a student, using an illegal drug as bait, where the potential for destroying an accused's constitutional right to a fair trial is considerable.

Second, in the light of the eyewitness evidence available to the prosecution, namely, the testimony of the victim and the testimony of a third party named Crow, who took part in the alleged marihuana smoking incident, the challenged evidence was not necessary.

In summary, the evidence of the alleged crime, the story of defendant's having furnished marihuana to a minor, can be adequately presented without bringing in this peripheral matter. We are of the opinion that the court reached the correct result in weighing prejudice to defendant against probative value. *Accord: State v. Wasson,* 45 Or App 169, 607 P2d 792 (1980); *State v. Urlacher,* 42 Or App 141, 600 P2d 445 (1979).

As we indicated in *State v. Washington,* 36 Or App 547, 585 P2d 24, *rev den* 284 Or 341 (1978), the general rule is that admissibility rulings by the trial court will not be disturbed on appeal unless an abuse of discretion is found. We find none here.

Affirmed.