Argued and submitted July 28, affirmed August 25,
reconsideration denied October 2,
petition for review denied November 20, 1980 (290 Or 157),
cert denied 451 US 939 (1981)

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM PETER WORKMAN,
*Appellant.*

(No. 79-4-248, CA 16664)

615 P2d 1140

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt, Swanson & Lathen, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant appeals from his conviction on the charge of first degree rape. He assigns as error the exclusion of certain testimony alleged to be evidence of the sexual conduct of complainant. We affirm.

The incident from which the criminal charge against this defendant stems occurred on August 24, 1978. Complainant was allegedly picked up and raped by four young men, one of whom was identified as defendant. Defendant admitted the act of intercourse but contended that no forcible compulsion was employed. ORS 163.375(1)(a).

During the *in camera* pretrial hearing held pursuant to ORS 163.475(4), complainant testified, in response to questions by defendant's attorney, that on three occasions during the summer of the year following the incident, 1979, she had spent the night in dwellings which were simultaneously occupied by several young men. On two of these occasions complainant stated she spent the night with her boyfriend. As to the third instance, she admitted that she stayed in a house with two men, one of whom was a good friend who had lived for some period of time with her boyfriend, but she denied having any sexual relations with either of them. Defendant offered to rebut complainant's testimony with respect to the number and identities of the persons who slept in the same dwelling as complainant but admitted that no witness would testify to any specific act of sexual relations.

■ The trial court held the proffered evidence irrelevant. ORS 163.475(2) prohibits the use in any trial of a sexual offense of evidence to prove complainant's sexual character and reputation and the statute further provides:

"(3) Except as provided in subsection (4) of this section, in a prosecution under ORS 163.355 to 163.425, evidence of previous sexual conduct of a complainant is presumed to be irrelevant and shall not be admitted and reference to that conduct shall

not be made in the presence of the jury. This presumption may be overcome.

"(4) * * * If the court finds that the evidence or testimony sought by the defendant regarding the previous sexual conduct of complainant is relevant for the purpose offered and is not otherwise inadmissible, the court shall issue an order stating what evidence may be introduced by the defendant, and the nature of the questions permitted at trial."

In determining whether the presumption is overcome, the court must balance the probative value of the evidence against the prejudicial impact such evidence is likely to have on the minds of jurors and the humiliating effect on complainant, which the statute manifestly seeks to prevent. *State v. Lantz,* 44 Or App 695, 607 P2d 197 (1980). Defendant contends the proffered evidence is relevant to show a pattern of behavior on complainant's part which demonstrates a proclivity for engaging in sexual relations with more than one man at a time. This, defendant further asserts, adds strength to his argument that complainant consented to the act in question. The state argues that the evidence is defective on several grounds: (1) the incidents at issue here are not "previous sexual conduct" inasmuch as they occurred nearly a year after the incident; (2) the incidents are not evidence of *sexual* conduct; and (3) the evidence is ultimately irrelevant.

In *State v. Chase,* 47 Or App 175, 613 P2d 1104 (1980), we held that determinations under ORS 163.475(4) are similar to other admissibility rulings and are subject to reversal only where the trial court abused its discretion.

■ The evidence here is of no probative value. It is evidence of conduct, but not sexual conduct. It establishes only that complainant had an opportunity to engage in the type of conduct which defendant seeks to distill from the victim's testimony. *State v. Goguen,* 196 Or 586, 592, 250 P2d 924 (1952) (evidence that complainant read "sexy literature" and went with

members of both sexes on car rides during which "embracing" occurred not admissible on issue of consent). The inference which must be drawn to render these incidents evidence of sexual conduct is tenuous at best. It is contrary to the assertions of complainant and the defense admitted it had no actual evidence of sexual activities. Further, the inference in question must be drawn, if at all, by operation of prejudice, namely, that a woman who would spend the night in the same dwelling as four men would do so for the purpose of engaging in sexual activities with them. We conclude that the evidence was properly excluded.

Affirmed.