Argued and submitted October 27, 1993, affirmed February 2, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT JOHN McEAHERN,
*Appellant.*

(91-07-33488; CA A76891)

867 P2d 568

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals his sentence, contending that the trial court erred by denying him credit for time served. We affirm.

Defendant pleaded guilty to criminal mischief in the first degree, ORS 164.365, and attempted theft in the second degree, ORS 164.045.[1] On the first charge, the trial court imposed the maximum dispositional departure sentence of six months imprisonment with one year post-prison supervision. OAR 253-08-005(1)(a); OAR 253-05-002(2)(a). The judgment specified that the prison time was imposed "with no credit for time served." The court suspended sentence on the second charge and placed defendant on five years probation.[2]

The state concedes that the court did not have authority to deny defendant credit for time served. *Nissel v. Pearce*, 307 Or 102, 105, 764 P2d 224 (1988). Under ORS 137.320,[3] the Department of Corrections is given the authority to compute credit for time served. The state contends, however, that defendant did not preserve the error and that we should not exercise our discretion to reach it, ORAP 5.45(2), because defendant invited the error. The record

---

[1] Defendant's plea was not entered as part of a plea agreement; hence, ORS 138.222(2)(d) does not preclude our review. *See State v. Adams*, 315 Or 359, 847 P2d 397 (1993).

[2] Defendant does not challenge the imposition of either sentence.

[3] ORS 137.320 provides, in part:

"(1) When a judgment includes commitment to the legal and physical custody of the Department of Corrections, the sheriff shall deliver the defendant, together with a copy of the entry of judgment and a statement signed by the sheriff of the number of days the defendant was imprisoned prior to delivery, to the superintendent of the Department of Corrections institution to which the defendant is initially assigned pursuant to ORS 137.124.

"* * * * *

"(3) Upon receipt of the information described in subsection (1) or (2) of this section, the Department of Corrections shall establish a case file and compute the defendant's sentence in accordance with the provisions of ORS 137.370."

ORS 137.370(2) provides, in part:

"[W]hen a person is sentenced to imprisonment in the custody of the Department of Corrections, for the purpose of computing the amount of sentence served the term of confinement includes only:

"(a) The time that the person is confined by any authority after the arrest for the crime for which sentence is imposed[.]"

shows that, after the court imposed the sentence, defendant's counsel requested that the court exercise its discretion to grant credit for time served. The court initially declined to do so on the ground that it lacked the authority. However, following defense counsel's insistence that "[t]he guidelines specifically say the Court has discretion," the court said that it would exercise its discretion and that it would not grant credit for time served.

We agree that defendant failed to preserve this error, and we decline to exercise our discretion to review it. *State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993); *State v. Castrejon*, 317 Or 202, 211, 856 P2d 616 (1993); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). We express no opinion as to the effect on the department of the trial court's disposition of the request for credit for time served.

Affirmed.