Argued and submitted September 24, 1999, reversed and remanded
March 22, 2000

## STATE OF OREGON,
*Appellant,*

*v.*

## PAUL TONY BEELER,
*Respondent.*

(98-1034; CA A102636)

999 P2d 497

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

James B. Ehrlich argued the cause for respondent. With him on the brief was Wine & Ehrlich.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

The state appeals from a pretrial order, issued pursuant to OEC 412, admitting evidence of the complaining witness's past sexual behavior. OEC 412(3)(c) (1997).[1] We reverse.

Defendant is charged with four counts of rape in the first degree, ORS 163.375, two counts of sodomy in the first degree, ORS 163.405, and furnishing alcohol to a minor, ORS 471.410. The charges are alleged in paired counts based on alternative theories that the sexual offenses were committed either by force or upon a person incapable of consent due to physical incapacity. Defendant asserts that he and the complainant engaged in consensual sexual relations.

Before trial and pursuant to OEC 412(3)(a) (1997), defendant timely notified the court of his intent to offer evidence of the complainant's past sexual behavior.[2] Specifically, defendant sought to introduce evidence that the complainant engaged in consensual sexual relations with her former boyfriend about 24 hours after the alleged sexual

---

[1] OEC 412 was amended during the 1999 legislative session. Or Laws 1999, ch 949, § 3. However, those amendments do not bear on the disposition of this case.

[2] OEC 412 (1997) provided:

"(1) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.427, or in a prosecution of an attempt to commit such a crime, reputation or opinion evidence of the past sexual behavior of an alleged victim of such crime is not admissible.

"(2) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.427, or in a prosecution of an attempt to commit such a crime, evidence of a victim's past sexual behavior, other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence:

"(a) Is admitted in accordance with subsection (3)(a) and (b) of this section; and

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim; or

"(B) Is necessary to rebut or explain scientific or medical evidence offered by the state; or

"(C) Is otherwise constitutionally required to be admitted.

"(3)(a) If the person accused of committing rape, sodomy or sexual abuse or attempted rape, sodomy or sexual abuse intends to offer under subsection (2) of this section evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer such

attack.[3] A hearing was held to determine the admissibility of defendant's evidence, as required by OEC 412(3)(b) (1997).

At the hearing, defendant presented expert testimony about the effect of rape on a victim's ability to engage in healthy sexual relations:

"Q And what is—in your experience—the effect of this trauma on the victim's subsequent sexual life?

"A She usually doesn't—isn't able to have a healthy sexual—rewarding sexual activity for quite some time, if ever.

evidence not later than 15 days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all parties, and on the alleged victim through the office of the prosecutor.

"(b) The motion described in paragraph (a) of this subsection shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subsection (2) of this section, the court shall order a hearing in camera to determine if such evidence is admissible. At such hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. Notwithstanding ORS 40.030(2), if the relevancy of the evidence that the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in camera or at a subsequent hearing in camera scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue.

"(c) If the court determines on the basis of the hearing described in paragraph (b) of this subsection that the evidence the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence that may be offered and areas with respect to which the alleged victim may be examined or cross-examined. An order admitting evidence under this subsection may be appealed by the government before trial.

"(4) For the purposes of this section:

"(a) 'In camera' means out of the presence of the public and the jury; and

"(b) 'Past sexual behavior' means sexual behavior other than the sexual behavior with respect to which rape, sodomy or sexual abuse or attempted rape, sodomy or sexual abuse is alleged."

[3] "Past sexual behavior" means sexual behavior that is not associated with the alleged crime. OEC 412(4)(b) (1997). It therefore includes sexual activity occurring after the alleged crime. *See State v. Wattenbarger*, 97 Or App 414, 418-19, 776 P2d 1292, *rev den* 308 Or 331 (1989) (holding that, "for the purposes of OEC 412, there is no meaningful distinction between sexual behavior before and after the crime").

It ordinarily takes treatments and time and a very understanding partner.

"* * * * *

"Q Doctor, in your experience and your professional opinion, is it consistent for a victim of a rape to engage in consensual sexual intercourse with a third-party male 24 hours after the alleged rape took place?

"A It's not usual. It's not consistent with what I usually see. No. Not at all.

"* * * * *

"Q Is that—Doctor, the sexual crime victims that you've worked with, counseled with, seen in your practice and your professional life, have any of them been able to engage in consensual sexual relations within 24 hours of the alleged rape?

"A Not to my knowledge, no."

Defendant also presented two witnesses who testified that they had heard the complainant engaging in consensual sexual relations with a former boyfriend one night after the alleged attack.

In response, the state attempted to call the complainant's former boyfriend to deny that he and the complainant engaged in sexual relations one day after the alleged attack. Defendant objected to the relevancy of the state's offer in the context of an OEC 412 hearing, and the court sustained defendant's objection, stating that "[i]t's not a matter of whether [the sexual activity] occurred or didn't occur [at this time]. It's a matter of whether or not that evidence would be admissible. At least that's my understanding of the 412 issue." When the state indicated its intent to call the complainant for the same purpose—to deny that she engaged in sexual relations on the night after the alleged attack—the court explained "[w]ell, I don't think the [complainant] can [take the stand and say she didn't have intercourse with the former boyfriend]. I mean, I think that's all a relevancy issue." Based on that statement by the court, the state did not call the complainant to the stand. Thereafter, the court concluded that it was constitutionally required to admit the evidence that complainant engaged in sexual relations with her

former boyfriend one day after the alleged attack. OEC 412(2)(b)(C) (1997).

The court stated:

"I think on the 412 motion that the Defense essentially is resting on or relying on the—it's constitutionally required, because I think there was a concession that it didn't fit the other two criteria. And I've.come to the conclusion, in reading some of the other cases, that I think it is constitutionally required and I'm going to base it on really, three things—or two things.

"One is that I think in the Fourteenth Amendment to the United States Constitution the Defense has a right to present exculpatory evidence. And then on the Sixth Amendment of the United States Constitution and Article I, Section 11 of the Oregon Constitution where I believe the Defense would have a right to question the credibility of witnesses."

On appeal, the state assigns two errors to the court's ruling. First, the state argues that the court procedurally misapplied OEC 412 (1997) by refusing to allow the complainant and her former boyfriend to testify concerning their activities on the night after the alleged crimes. Second, the state assigns error to the court's final ruling, admitting evidence at trial that the complainant engaged in sexual relations one day after the alleged attack.

■ We begin with the procedural question. The state contends that evidence about whether it would be unusual for a rape victim to engage in sexual relations so soon after being attacked is, at best, conditionally relevant because, if a factfinder determined that complainant and her former boyfriend did not have sex, then there would be no reason to consider the implications of that act. According to the state, OEC 412(3)(b) (1997) requires the trial court to determine whether the predicate condition of fact is fulfilled whenever the admissibility of conditionally relevant evidence involves the past sexual behavior of the alleged victim. Therefore, the state argues, it was error for the court to exclude the testimony of the complainant and her former boyfriend at hearing

because, without their testimony, the court could not properly determine whether they engaged in sexual relations one day after the alleged crimes. We agree.

OEC 412(3)(b) (1997) specifies, in part, that,

> "[n]otwithstanding [OEC 104(2)], if the relevancy of the evidence that the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in camera or at a subsequent hearing in camera scheduled for such purpose, *shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue.*" (Emphasis added.)

Here, defendant offered two pieces of evidence. One is the testimony of two witnesses who said they "heard" complainant having sex with her former boyfriend. The other is an expert's opinion that it would be unusual for a rape victim to engage in such behavior so soon after an attack. Assuming for the moment that the expert's testimony was deemed to be relevant, a factfinder would first have to determine that the purported sexual activity occurred.[4] Because the predicate condition concerns complainant's past sexual behavior, OEC 412(3)(b) (1997) applies, and the trial court must, under the circumstances here, accept evidence from both parties in order to determine whether complainant and her former boyfriend engaged in sexual relations one day after the alleged crimes. Accordingly, we hold that it was error for the trial court to exclude the state's evidence and to order admission of defendant's evidence without making a determination regarding the complainant's conduct.

■ Having resolved the procedural question, we turn to the state's second assignment. The state argues that the court erred in ruling that evidence of the complainant's past sexual behavior is constitutionally required to be admitted at trial under OEC 412 (1997). It is the state's position that, even if the trial court were to determine that the complainant and her former boyfriend engaged in sexual intercourse one day after the alleged attack, evidence of that fact is precluded by OEC 412. If the state is correct, then remanding this case for another OEC 412 hearing on procedural grounds would

---

[1] The question of the admissibility of the expert opinion is discussed below.

waste judicial resources and subject complainant to an unnecessary proceeding, which would undermine the rule's purpose of encouraging victims to report sexual crimes and to assist in the prosecution of their attackers. *State v. Lajoie*, 316 Or 63, 69, 849 P2d 479 (1993).

In arguing that the offered evidence is admissible, defendant relies solely on the trial court's determination that the evidence is constitutionally required to be admitted under OEC 412(2)(b)(C) (1997) because excluding it would infringe on defendant's right to confront witnesses under the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution, and to present exculpatory evidence under the Fourteenth Amendment to the United States Constitution. The state responds that neither the federal constitution nor Article I, section 11, of the Oregon Constitution, override the legislature's authority to exclude defendant's evidence in this case.

Before turning to the merits, we distinguish the right to confront from the right to compulsory process. The " 'main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.' " *Delaware v. Van Arsdall*, 475 US 673, 678, 106 S Ct 1431, 89 L Ed 2d 674 (1986), *quoting Davis v. Alaska*, 415 US 308, 315-16, 94 S Ct 1105, 39 L Ed 2d 347 (1974). In contrast, "the compulsory process clause was enacted to overcome the early common law rule prohibiting a defendant from calling witnesses on his behalf." *State v. Mai*, 294 Or 269, 273, 656 P2d 315 (1982) (construing Oregon's compulsory process clause, Article I, section 11, in the same way as the United States Supreme Court construed the "virtually identical federal counterpart"). Here, the primary implication of excluding defendant's evidence concerns his right to present witnesses in his own defense. Thus, it appears that defendant's constitutional claim rests on his right to compulsory process under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. *Washington v. Texas*, 388 US 14, 23, 87 S Ct 1920, 18 L Ed 2d 1019 (1967) (holding that the federal compulsory process clause is incorporated in the Due Process Clause of the Fourteenth Amendment).

 The right to compulsory process, under Article I, section 11, of the Oregon Constitution, parallels federal Sixth Amendment jurisprudence. *Mai*, 294 Or at 272. Under the Sixth Amendment, a defendant's right to present witnesses is considered a fundamental element of the due process of law, *Washington*, 388 US at 19, and includes the right to have a jury hear the testimony of those witnesses, *Rock v. Arkansas*, 483 US 44, 55, 107 S Ct 2704, 97 L Ed 2d 37 (1987). However, compulsory process does not automatically trump other legitimate concerns and may, for example, be subjected to a state's established rules of evidence and procedure. *Chambers v. Mississippi*, 410 US 284, 302, 93 S Ct 1038, 35 L Ed 2d 297 (1973). Although a state may not arbitrarily deny a defendant's right to present relevant and material evidence, it may subordinate that right to other legitimate interests in the criminal trial process. *Michigan v. Lucas*, 500 US 145, 149, 111 S Ct 1743, 114 L Ed 2d 205 (1991) (denying defendant's Sixth Amendment challenge to the exclusion of evidence regarding his prior sexual relationship with victim because defendant failed to comply with the notice and hearing requirement of Michigan's rape-shield law). A defendant's right to present evidence may be denied if the state's interest in excluding the evidence outweighs the value of the challenged evidence to the defense. *Richmond v. Embry*, 122 F3d 866 (10th Cir 1997) (excluding evidence of the victim's past sexual behavior did not violate defendant's right to compulsory or due process).

 Oregon's rape-shield statute, OEC 412 (1997), does not arbitrarily deny a defendant's right to present evidence. *See Lucas*, 500 US at 149. The rule operates to "protect victims of sexual crimes from degrading and embarrassing disclosure of intimate details about their personal lives" thereby "encourag[ing] victims to report and assist in the prosecution of the crime." *Lajoie*, 316 Or at 69 (citations omitted). As in the federal system, evidence may be excluded if the state's interest outweighs the value of the challenged evidence to the defense. *State v. Gilliland*, 136 Or App 580, 587, 902 P2d 616 (1995) ("The fact that the evidence may be relevant on the issues of the witness' credibility does not render it admissible under OEC 412."). Thus, the constitutional issue reduces to a

weighing of the state's interest in excluding defendant's evidence against the value of that evidence to the defense.

A final obvious, but critical, point relates to the posture of this appeal. Defendant does not argue that OEC 412 (1997) itself is unconstitutional. Rather, he argues that OEC 412(2)(b)(C) (1997) operates to require the admission of the proffered evidence on constitutional grounds. We now turn to the merits.

■ We first consider the nature of defendant's two pieces of evidence. One is the testimony of two witnesses who claim to have heard the complainant engaging in sexual relations with her former boyfriend one day after she was allegedly raped. The other is the testimony of an expert who opined that it would be unusual for a rape victim to engage in consensual sexual relations so soon after enduring the trauma of a sexual attack. However, "opinion evidence of the past sexual behavior of an alleged victim * * * is not admissible." OEC 412(1) (1997).⁵ Importantly, the constitutional savings provision contained in OEC 412(2)(b)(C) (1997) does not apply to opinion evidence. That provision applies only to "evidence *other than* reputation or opinion evidence." (Emphasis added.) Thus, OEC 412(1) (1997) excludes the expert's opinion, and, because defendant does not challenge the constitutionality of that provision, that evidence may not be admitted and we need not weigh the value of that evidence to the defense.

■ We are left, then, with the testimony of two witnesses who claim to have heard the complainant engage in sexual relations with her former boyfriend. That evidence, which is neither reputation nor opinion evidence, is potentially subject to OEC 412(2)(b)(C) (1997), the constitutional

---

⁵ *See State v. Lajoie*, 316 Or 63, 68, 849 P2d 479 (1993) (stating that opinion evidence of a victim's past sexual behavior "simply is 'not admissible' regardless of the method by which it is offered"). "Opinion evidence about the victim's prior sexual behavior is not admissible regardless of the party seeking to introduce the evidence. This is in accordance with current Oregon law." *Commentary to Oregon Rules of Evidence* Rule 412 (1981), citing *State v. Workman*, 47 Or App 1055, 615 P2d 1140 (1980), *rev den* 290 Or 157 (1980), *cert den* 451 US 939 (1981). "Rule 412 imposes an absolute prohibition against the use of * * * opinion evidence regarding the victim's past sexual behavior." Laird C. Kirkpatrick, *Oregon Evidence*, 196 (3d ed 1996).

savings provision. Our task therefore, as set out above, is to weigh the value of that evidence to the defense and to balance it against the state's interest in excluding it. *Gilliland*, 136 Or App at 586, citing *State v. LeClair*, 83 Or App 121, 130, 730 P2d 609 (1986); *Embry*, 122 F3d at 872.

■ According to defendant, a factfinder could infer that the complainant consented to sexual relations with him based on evidence that she engaged in consensual sexual relations with her former boyfriend the following night. However, evidence of a victim's collateral sexual activity is not admissible to show consent to the sexual activity that is the subject of an alleged crime. *Gilliland*, 136 Or App at 587-88; *State v. Thompson*, 131 Or App 230, 238, 884 P2d 574 (1994) (evidence that complainant exchanged sex for drugs excluded by OEC 608(2)). Moreover, as previously noted, "for the purposes of OEC 412, there is no meaningful distinction between sexual behavior before and after the crime." *Wattenberger*, 97 Or App at 418-19.

Defendant argues, nonetheless, that consenting to sexual relations *after* a sexual attack is different from consenting to sexual relations *before* an attack and for that reason the court is constitutionally required to admit evidence of that fact. However, we conclude that any tendency the evidence proffered here may have to show that the complainant was not raped is marginal at best because there are any number of reasons why the complainant might have engaged in subsequent sexual relations. In short, we ascribe little value to the offered evidence because the inference defendant seeks to elicit is too uncertain.

In contrast, admitting evidence of the complainant's alleged subsequent sexual activity would undermine the state's interest in protecting victims of sexual crimes from being forced to make embarrassing disclosures and would deter them from reporting and assisting in the prosecution of such crimes. Accordingly, we hold that the value of defendant's evidence to the defense does not outweigh the state's important interest in excluding that evidence.

Reversed and remanded.