Argued and submitted June 9, 2015, affirmed December 29, 2016, petition for review denied June 15, 2017 (361 Or 543)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRISTOBAL DYLAN ALCANTAR,
*Defendant-Appellant.*

Jackson County Circuit Court
130184FE; A155199

388 P3d 1124

George W. Kelly argued the cause and filed the brief for appellant.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

## HADLOCK, C. J.

Defendant appeals a judgment of conviction for first-degree rape, ORS 163.375, and first-degree sodomy, ORS 163.405, in connection with his and a codefendant's sexual assault of a woman at a party. On appeal, defendant assigns error to the exclusion of evidence that the victim engaged in sexual behavior toward other men earlier on the night of the incident.[1] More specifically, defendant argues that the trial court erred by ruling that the evidence was "past sexual behavior" for purposes of Oregon's rape shield statute, OEC 412 (2011), which makes evidence of a victim's past sexual behavior inadmissible except in certain specified circumstances.[2] We agree with the state that the evidence in question was "past sexual behavior." Accordingly, because defendant has not argued, either below or on appeal, that the evidence was admissible under one of the OEC 412 exceptions to the general rule excluding such evidence, he has not established that the trial court erred by excluding it. We therefore affirm.

The relevant facts, which we take from the record, are largely procedural. On the night of the incident giving rise to the charges against defendant, the victim and her friend attended a party that was held in a trailer. The victim later asserted that defendant raped her in a bedroom of the trailer during the party while, at the same time,

---

[1] In a second assignment of error, defendant contends that the trial court should have granted his motion for judgment of acquittal on the charge of first-degree sodomy. We reject that argument without discussion.

[2] All references in this opinion to OEC 412 are to the 2011 version of the statute, which was in effect at the time of defendant's trial. In part, OEC 412 states:

"(2) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.427, *** evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless the evidence other than reputation or opinion evidence:

"(a) Is admitted in accordance with subsection (4) of this section; and

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim;

"(B) Is necessary to rebut or explain scientific or medical evidence offered by the state; or

"(C) Is otherwise constitutionally required to be admitted."

OEC 412 was amended in 2013, following defendant's trial. Those amendments do not apply in this case.

codefendant also sexually assaulted her. Defendant was charged with first-degree rape and first-degree sodomy. He eventually testified at trial in support of his contention that the victim had consented to engage in sex with him during the party, in codefendant's presence.

Before trial, the state filed a motion *in limine* to prevent the admission of evidence of the victim's sexual history and reputation, which defendant sought to admit. Specifically, the state pointed to statements made to the police by defendant, codefendant, and other people who had been at the party, alleging that the victim had engaged in sexual behavior with others during the course of that evening. Pertinent to this appeal, the state identified the following statements: (1) "[Codefendant's] statement that the victim had danced on several men's laps and exposed her breasts, and that the victim possibly had * * * gone into the bathroom with another man"; (2) "[A witness's] statement that he [the witness] had sex with the victim two hours before the incident"; and (3) "[A different witness's] statement that the victim had exposed her buttocks outside the trailer."[3] The state argued that the evidence was of "past sexual behavior" and, therefore, was inadmissible unless it fell within one of the exceptions to OEC 412(2) and was admitted under the procedures set forth in OEC 412(4).[4]

---

[3] The state also identified the following statement in its motion before the trial court: "Defendant's statement that the victim kissed and had sex with his uncle * * * earlier the night of the rape." However, as the state correctly points out, pretrial, defendant agreed to the exclusion of that statement, a statement that he now contends should have been admitted. At the pretrial hearing, the trial court asked the parties why that particular piece of evidence should be admitted and defendant's counsel replied, "I don't think that comes in." Thus, defendant invited any error that may be associated with exclusion of that evidence, and we therefore do not consider his belated argument that it should have been admitted. *State v. McEahern*, 126 Or App 201, 203, 867 P2d 568 (1994) (agreeing "that defendant did not preserve the error * * * because defendant invited the error").

[4] In part, OEC 412(4) states:

"(a) If the person accused of committing rape, sodomy or sexual abuse * * * intends to offer evidence under subsection (2) or (3) of this section, the accused shall make a written motion to offer the evidence not later than 15 days before the date on which the trial in which the evidence is to be offered is scheduled to begin[.] * * * Any motion made under this paragraph shall be served on all other parties and on the alleged victim through the office of the prosecutor.

"(b) The motion described in paragraph (a) of this subsection shall be accompanied by a written offer of proof. If the court determines that the offer

Thus, because neither defendant nor codefendant had filed a timely motion under the rule, the state requested that the court exclude all such evidence.

Defendant responded that the evidence the state wished to exclude was not evidence of "past sexual behavior." Rather, defendant stated that "it is behavior that occurred on the day in question. And in order for us to put on our case we need to have the facts of what occurred for the jury." Defendant argued that, because the defense theory was that the victim consented, "everything she did [that night] is going to be part of that theory." In response, the state reiterated that, "[e]ven if it's the night in question it's still past sexual history. If it was subsequent behavior it would be past sexual history. [Defendant] can't get into any of the other evidence other than the specific incident implicated by the allegations."

Ultimately, the trial court ruled that the evidence of the victim's alleged sexual behavior toward people other than defendant and codefendant on the night of the party qualified as "past sexual behavior" and was, therefore, inadmissible in the absence of an OEC 412 motion. However, the court ruled that "conduct that [defendant and codefendant] will testify that the victim did on that night in question to them is admissible." A jury convicted defendant of both counts. This appeal followed.

Again, defendant argues on appeal that the evidence of the victim's prior sexual behavior toward others during the party does not qualify as "past sexual behavior" within the meaning of OEC 412. Instead, defendant asserts, the evidence is relevant, current sexual behavior because "the jury would learn that the victim was interested in and willing to engage in sexual contact, and she had broadcast that interest to everyone in the trailer," thereby "better inform[ing]

of proof contains evidence described in subsection (2) or (3) of this section, the court shall order a hearing in camera to determine if the evidence is admissible. At the hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. * * *

"(c) If the court determines on the basis of the hearing described in paragraph (b) of this subsection that the evidence the accused seeks to offer is relevant and that the probative value of the evidence outweighs the danger of unfair prejudice, the evidence shall be admissible in the trial * * *[.]"

the jury of why the defendant believed that his sexual acts were consented to." Therefore, according to defendant, OEC 412 does not apply, and the trial court incorrectly excluded the evidence. We disagree.

OEC 412 prohibits the introduction of evidence of specific instances of a victim's past sexual behavior unless it relates to the motive or bias of the alleged victim, is necessary to rebut scientific evidence or medical evidence offered by the state, or is otherwise constitutionally required to be admitted. OEC 412(2). Therefore, the threshold inquiry is whether the evidence concerns a victim's *past* sexual behavior; if it is does not, then OEC 412 does not apply. *State v. Fowler*, 225 Or App 187, 192-94, 200 P3d 591, 595 (2009). Whether proffered evidence involves a victim's past sexual behavior under OEC 412 is a question of law. *See State v. Muyingo*, 171 Or App 218, 224, 15 P3d 83 (2000), *rev den*, 332 Or 431 (2001) (applying standard).

We begin by emphasizing the narrowness of the issue presented to us on appeal. We need not address whether the victim's behavior toward *defendant* earlier on the night of the incident was "past sexual behavior" under OEC 412, because the trial court did not exclude that evidence. Nor has defendant argued, either before the trial court or on appeal, that the victim's behavior toward other men on that night was not *sexual* within the meaning of OEC 412. Further, it is undisputed that defendant did not follow the procedural steps required by OEC 412 for admission of evidence of past sexual behavior that meets certain requirements—filing a pretrial motion in accordance with OEC 412 and seeking admission of the evidence during an *in camera* hearing. Therefore, our inquiry is limited to the threshold question of whether evidence of the victim's sexual behavior directed toward other men earlier on the night of the incident was "past" sexual behavior within the meaning of OEC 412.

OEC 412 defines "[p]ast sexual behavior" as "sexual behavior *other than* the sexual behavior with respect to which rape, sodomy or other sexual abuse * * * is alleged." OEC 412(5)(b) (emphasis added). Defendant argues that the victim's sexual behavior toward others was so close in time

to the charged rape and sodomy that it cannot be considered "past" for the purposes of OEC 412. That is, defendant argues that evidence of the victim's behavior toward others provided the necessary, contextual backdrop for the charged offenses. But nothing in OEC 412 distinguishes between sexual behavior that occurred shortly before the crime and sexual behavior that occurred long before the crime. What matters is whether the victim's alleged sexual behavior toward others, like displaying her buttocks, was *part of* or *separate from* the later sexual acts involving defendant and codefendant. *See State v. Beeler*, 166 Or App 275, 278 n 3, 999 P2d 497, *rev den*, 331 Or 244 (2000) (interpreting OEC 412 definition to mean that past sexual behavior is "sexual behavior that is not associated with the alleged crime," including "sexual activity occurring after the alleged crime").

Here, the evidence that defendant sought to introduce— that the victim danced sexually with other men, exposed her breasts and buttocks outside the presence of defendant and codefendant, and had sex with another man—does not suggest that her behavior was anything other than collateral sexual activity not part of or associated with the later events involving defendant and codefendant. Indeed, the evidence suggests that the victim's behavior toward others was separated from the incident involving defendant and codefendant in time, place, and person; the behavior occurred earlier in the party, in locations—both inside and outside the trailer—different from where the later charged sexual assault occurred, and with men other than those who were present during the assault.

In sum, evidence of the victim's prior sexual behavior toward others on the same night as the incident does, under the circumstances described, qualify as evidence of "past sexual behavior" within the meaning of OEC 412. Because defendant did not follow the procedural requirements of OEC 412 or seek to establish that the evidence was admissible under one of the exceptions set forth in that rule, the trial court did not err when it excluded the evidence.

Affirmed.