ORTEGA, P. J.
*752 Defendant appeals a judgment of conviction for first-degree sodomy, first-degree rape, first-degree sexual penetration, and three counts of first-degree sexual abuse for sexually abusing his ex-girlfriend's daughter. The trial court allowed defendant to introduce evidence of the victim's past sexual behavior with a boy about her age for the purpose of proving her motive in identifying defendant as the abuser, OEC 412(2)(b)(A), (C), but defendant asserts that that evidence should have been introduced for the OEC 412(2)(b)(B) purpose of rebutting or explaining scientific or medical evidence offered by the state.[1] We conclude that the trial court *171 did not err in ruling that the evidence could not be offered to rebut or explain the medical evidence, because the victim's past sexual behavior did not support a reasonable inference that the boy caused her injuries. Additionally, we reject without discussion defendant's assertion that the court plainly erred in failing to intervene sua sponte during what he contends was an improper closing argument made by the state. Accordingly, we affirm.
Whether evidence can be admitted under OEC 412"is a question of law that we review for errors of law." State v. Nelson , 246 Or. App. 91, 98, 265 P.3d 8 (2011). The relevant facts here are mainly procedural.
The victim was about 7 years old when defendant's conduct began, and it continued until she was 11. One day, *753 when she was about 12, her mother found her with her pants down in her room with a boy about her age. The victim's mother took her to a therapist, and the victim disclosed that she had been sexually abused by defendant. The victim's mother then took her to Child Abuse Response and Evaluation Services (CARES), where an examination revealed a "well-healed scar on the hymen." Because the victim had "no other history of genital trauma other than the sexual abuse" allegation, the state sought to introduce evidence discovered during the CARES examination as proof that defendant had sexually abused the victim.
Before trial, defendant filed a notice of intent to introduce evidence that the victim's mother had found her with a boy and with her pants down to rebut or explain the evidence of the CARES examination. Defendant argued that, during her CARES interview, the victim had indicated that doctor visits during the period of alleged abuse had not revealed any hymen injury, and he urged that the fact that the victim was caught with another male supported an inference that the "penetrating injury [that] occurred * * * [was] not from [defendant], but from sexual behavior with this boy." More narrowly, defendant asserted that the court could find by a preponderance of the evidence a strong inference that "it's very likely there ha[ve] been other encounters between her and this boy when, perhaps, they had more privacy," which would allow defendant to introduce the evidence under OEC 412(2)(b)(B).
The state countered that, in order for that specific evidence to come in for the purpose of explaining or rebutting scientific or medical evidence, defendant had to prove, by a preponderance of the evidence, that there had been penetration by the boy. In the state's view, that required more evidence than that the victim's pants were down. That is, the state argued that the evidence was too speculative to support an inference that there was penetration by the boy.
Ultimately, the trial court agreed with the state and, after accepting the state's concession that the evidence was admissible to show the victim's motive for accusing the defendant, the court concluded that it would not make a finding "by a preponderance of the evidence in regard to *754 [ OEC 412(2)(b)(B) ]." Therefore, the court concluded that defendant could introduce the evidence only for the purpose of showing the victim's motive. Ultimately, defendant was convicted on six counts of various sex crimes.
On appeal, defendant renews the arguments he made below. He maintains that there was sufficient evidence for the trial court to find by a preponderance that the victim's sexual contact with the boy could explain the medical evidence contained in the CARES examination. In response, the state notes that the evidence supports an inference that "the victim was engaged in some manner of sexual activity with the boy," which is why it conceded that the evidence was admissible for the limited purpose of showing motive, but it maintains that, without more evidence that supports an inference that penetration occurred, the evidence could not be offered under OEC 412(2)(b)(B). We agree.
To admit evidence under OEC 412, a trial court must conduct a three-step inquiry. First, the court determines if the evidence *172 offered concerns past sexual behavior of the victim. State v. Muyingo , 171 Or. App. 218, 224, 15 P.3d 83 (2000), rev. den. , 332 Or. 431, 30 P.3d 1184 (2001). Second, if so, the court determines whether it is offered in the form of opinion or reputation evidence. If not offered in the form of opinion or reputation evidence, the court must decide as a matter of law if the purpose for which the evidence is offered fits within an exception under OEC 412(2)(b). Id . That is, the trial court must determine if the evidence of a specific instance of the victim's past sexual behavior "relates to the motive or bias of the alleged victim, is necessary to rebut scientific evidence or medical evidence offered by the state, or is otherwise constitutionally required to be admitted." State v. Alcantar , 283 Or. App. 114, 118, 388 P.3d 1124 (2016), rev. den. , 361 Or. 543, 397 P.3d 36 (2017) ; OEC 412(2)(b). Third, even if the purpose of the offer fits within one of those exceptions to exclusion, the court must balance the probative value of the evidence against its prejudicial effects. Muyingo , 171 Or. App. at 224, 15 P.3d 83. In this case, the parties disagree on whether the evidence was admissible for the purpose of rebutting medical evidence offered by the state.[2] *755 To admit evidence under an OEC 412 exception, the accused must file "a written motion to offer the evidence." OEC 412(4)(a). That motion must "be accompanied by a written offer of proof," and if "the court determines that the offer of proof contains evidence" described under OEC 412(2), "the court shall order a hearing in camera to determine if the evidence is admissible." OEC 412(4)(b).
"At the hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. * * * [I]f the relevancy of the evidence that the accused * * * seeks to offer in the trial depends upon a fulfillment of a condition of fact, the court, at the hearing in camera or at a subsequent hearing in camera scheduled for the same purpose, shall accept evidence on the issue of whether the condition of fact is fulfilled and shall determine the issue."
Id.
Here, defendant's theory of what the evidence shows was too speculative to establish the condition of fact necessary to admit the evidence for the purpose of rebutting medical evidence under OEC 412(2)(b)(B). When determining whether particular circumstantial evidence is sufficient to support a particular inference, the court can make reasonable inferences, but speculation and guesswork are not allowed. State v. Bivins , 191 Or. App. 460, 467, 83 P.3d 379 (2004). The fact that the victim was found with her pants down with a boy her own age does not, by itself, support a reasonable inference that sexual activity with the boy caused the scar on her hymen. Defendant's offer of proof lacked sufficient evidence that she was engaged in any activity with the boy involving penetration; accordingly, defendant did not prove by a preponderance of the evidence that the victim's past sexual behavior was admissible for the purpose of rebutting or explaining the state's medical evidence. The trial court therefore did not err in so ruling.
Affirmed.

OEC 412(2) provides, in part:
"[E]vidence of an alleged victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless the evidence other than reputation or opinion evidence:
"(a) Is admitted in accordance with subsection (4) of this section; and
"(b) Is evidence that:
"(A) Relates to the motive or bias of the alleged victim;
"(B) Is necessary to rebut or explain scientific or medical evidence offered by the state; or
"(C) Is otherwise constitutionally required to be admitted."
OEC 412 is meant to "protect victims of sexual crimes from degrading and embarrassing disclosure of intimate details about their private lives" and to "encourage victims of sexual misconduct to report and assist in the prosecution of the crime by preventing highly prejudicial evidence from reaching the jury and thus helping to protect jury impartiality." State v. Lajoie , 316 Or. 63, 69, 849 P.2d 479 (1993) (internal quotation marks omitted).

The parties' arguments on appeal appear to be premised on the understanding that evidence admitted under OEC 412(2)(b) can be used at trial only for the particular purpose for which it was admitted under that rule. We do not address the merits of that shared understanding and decide only those issues presented by the parties' arguments.